## De Caters and wife *vs.* Le Ray De Chaumont and others.

Where the christian name of an appraiser was omitted in drawing up a decree for the appraisment and sale of trust property, the court directed it to be inserted in the original decree in the register's minutes, it being a mere matter of form.

A trustee cannot become a purchaser of the trust property, either directly or indirectly, on his own account, or as the agent of another, unless he obtains the consent of all the persons interested in the sale.

If a trustee has a personal interest in the sale, which may be sacrificed if he is not allowed to become a bidder, the court will substitute in his place a master or another trustee to execute the trust, if it can be done without injury to the interest of the cestui que trust.

March 20. PURSUANT to the decision of the court in this case, as reported in 2 *Paige's Rep.* 490, a decree was entered to carry into effect the provisions of the deed of trust, and referring it to a master to take an account between the trustee, Vincent Le Ray De Chaumont, and the trust estate. The trustee was also directed by the decree to proceed and sell at public auction, in the city of New-York, so much and such parcels of the trust estate as might be necessary to pay off such loans as the trustee had been obliged to make in the execution of the trust, and any further sum which might be due to him for advances, &c. and also so much as might be necessary to pay off and discharge the several remaining debts and annuities due to the preferred creditors. This sale was to be made upon a six weeks notice. The decree then provided for an appraisement and sale of the residue of the trust property, upon a six months notice to the several creditors who should have come in under the decree and the deed of trust, in the manner particularly specified therein. In drawing up the decree, the christian name of one of the appraisers was through inadvertence omitted.

A petition was now presented on the part of the trustee, stating that he was largely in advance for the trust estate, and that for his own security, as well as for the benefit of the creditors, he was desirous of being enabled to bid, and to become a purchaser, at the sale of the property, in common with oth-

ers. The petition further stated, that he believed if he was permitted to purchase at such sale, under the authority of the court, more competition would be created, and that the price of the estate on such sale would be thereby greatly enhanced. He therefore asked to be permitted to bid and become a purchaser on his own account, and that the sale might be conducted under the direction or superintendance of a master, or under such guards and securities as the court might deem fit and proper. He also asked to have the christian name of the appraiser, which had been omitted, inserted in the decree.

1832.

De Caters
v.
Le Ray De
Chaumont.

*A. Ogden, jun. & I. S. Huggins,* for the petitioner.

*William H. Harison,* for the complainants.

THE CHANCELLOR. The correction of the decree as to the christian name of the appraiser is a mere matter of form. It may be inserted in the original decree in the register's minutes ; and any copies which have been furnished may be amended accordingly.

The application to permit the trustee to bid and to become a purchaser on his own account, is one which deserves a more serious consideration. It is the settled law of the court, that the trustee for a sale cannot become a purchaser on his own account, or as the agent of another, or through the agency of another. In this case it cannot be necessary to permit the trustee to bid for the purpose of protecting his own interest, as the property must in any event be more than sufficient to reimburse him for all his advances and claims, which are entitled to a priority in payment. If a trustee can in no case be permitted to purchase without the consent of the cestui que trust, except by permission of the court, what facts are presented here to justify the court in departing from the general rule, by giving such permission ? Where the chancellor can see that the trustee has a personal interest in procuring a fair price for the property, which interest may probably be sacrificed if he is not permitted to bid, it is very much a matter of course to divest him of the character of trustee, to enable him to protect his own rights. In such cases a master or another trustee is

substituted for the execution of the trust.[a] But even in those cases the court must be satisfied the interest of the cestui que trust will not suffer in consequence of such permission. If the trustee, in virtue of his trust, possesses superior advantages of information as to the situation and value of the property, so that he will not come to the sale on terms of equality with other bidders, the court will not put him in a situation which may make it for his interest to keep that information to himself. Here I have no doubt it is the sincere desire of the petitioner to make the trust property produce its full value, for the benefit of the creditors; many of whom are the particular friends of his father who created the trust. But it is only necessary to advert to the peculiar nature of the case, to see that an order granting the permission asked for would be establishing the worst possible precedent for future applications of a similar nature. Most of the creditors are foreigners, residing in France, Belgium, and Holland, wholly unacquainted with our laws and with the value of real estate in this country, and probably even with our language. The property to be sold consists principally of wild lands, situate in the interior of the state; and, with the exception of the information possessed by the trustee and his father, very little can be known in the city of New-York as to the situation and real value of the property. The petitioner has been in possession of the estate between eight and nine years; and he has, or at least ought to have, made himself particularly acquainted with every part thereof. From this it will be perceived that the trustee, if permitted to purchase in the property for himself, would have it in his power to obtain the best parts of it upon his own terms, merely by withholding information which the cestui que trusts could never have it in their power to show he possessed at the time of the sale.

Under such circumstances the creditors are entitled to the full benefit of his information as to the value of every part and parcel of the property; and as to the manner in which it should be put up and sold. It will therefore be his duty to give to them or their agents if any of them attend the sale, as well

(a) See Ex parte Rolfe & Milne, (1 Deac. & Chit. Rep. 77.)

as to the bidders generally, all the information in his power to enable them to form a correct estimate of the particular situation and real value of each parcel of the land offered for sale, so that it may produce something like its real value. The trustee is not bound to put up the property at a merely nominal price, and to permit it to be sacrificed for want of competition. He should set it up at prices not far below its actual value in cash ; and if he can find no one to bid, under such circumstances, the court will not compel him to sell until the creditors can be notified of the necessity of employing agents to attend and prevent a sacrifice of the property. I cannot anticipate that upon a fair sale in the city of New-York, and with full information to the bidders from a trustee who has no personal interest in enhancing or depressing the value of the property, it will not bring something like a fair price. If, however, the result should be otherwise in this particular case, in the language of Lord Eldon, " it is better for the general interests of justice, that in some cases a loss should be sustained by the cestui que trust, than that a rule should be established which would occasion loss in much more numerous cases." (*See Ex parte James,* 8 *Ves.* 349.)

I am aware of the difficulties of obtaining a full price for the property on this first sale, in consequence of the absence of the principal creditors. But I cannot see how those difficulties are to be remedied by permitting the trustee to bid it in at his own prices on his own account ; whether the sale is made by himself, or by a master who can know but little of the value of the property. The consent of these complainants who sue in behalf of themselves and the other creditors, in this stage of the suit, would not justify the court in making an order which might injuriously affect the interests of those who have not yet had an opportunity to come in and make themselves parties under the decree. After the time has expired for the creditors to come in, the trustee can be permitted to bid, on obtaining the written consent of all the parties interested in the sale. But until that time, and without such permission, such privilege cannot be granted.