WILLIAM SCHOLLE, Appellant, *v.* JACOB SCHOLLE et al., Respondents.

Where a trustee who has an interest to protect, by bidding at a sale of the trust property, makes special application to the court for permission to bid, which, upon a hearing of all the parties interested, is granted, he can make a purchase which is valid and binding upon all the parties, and under which he can obtain a perfect title.

(Argued December 8, 1885 ; decided January 19, 1886.)

APPEALS from two orders of the General Term of the Superior Court of the city of New York, made November 6, 1885, one of which affirmed an order of Special Term confirming the report of a referee of a sale under the judgment herein, and requiring plaintiff William Scholle and defendant Jacob Scholle to complete the several purchases made by them on the sale ; the other affirmed an order of Special Term which denied a motion on the part of said parties to be released from their said purchases.

This action was for partition. The material facts are stated in the opinion.

*Alexander B. Johnson* for appellant. Jacob Scholle, being the executor, trustee and guardian under the will of his brother, is incapable of purchasing the trust property. (*Fulton* v. *Whitney*, 66 N. Y. 548; *Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Campbell* v. *Walker*, 5 Vesey, 678; *Ex parte James*,

8 id. 337; *Randall* v. *Erington*, 10 id. 423 ; *Morse* v. *Royol*, 12 id. 355; *Lowther* v. *Lowther*, 13 id. 95 ; *Coles* v. *Trecothick*, 9 id. 234 ; *Ex parte Bennett*, 10 id. 385; *Gallalan* v. *Cunningham*, 8 Cow. 361; *Torrey* v. *Bank of Orleans*, 9 Paige, 661 ; *Michoud* v. *Girod*, 4 How. [U. S.] 553.) Sales of such a nature are void or voidable, without regard as to whether the sale is had under judicial sanction ; whether the sale is at public auction, or whether the prices bid are fair and adequate. (*People* v. *Open Board*, 92 N. Y. 98 ; *Iddings* v. *Bruen*, 4 Sandf. Ch. 263 ; *Ten Eyck* v. *Craig*, 62 N. Y. 419 ; *Lytle* v. *Beveridge*, 58 id. 606 ; *Gardiner* v. *Ogden*, 22 id. 327; *Van Epps* v. *Van Epps*, 9 Paige, 237; *Case* v. *Carroll*, 35 N. Y. 385 ; *Forbes* v. *Halsey*, 26 id. 153 ; *Whelpdale* v. *Cookson*, 1 Ves. Sr. 8 ; *Cumberland C. Co.* v. *Hoffman*, 30 Barb. 569; 16 Md. 456 ; *Conger* v. *Ring*, 11 Barb. 356.)

*Ferdinand R. Minrath* for respondents Siegman. Ordinarily a purchase by an executor, directly or indirectly, of any part of an estate held by him as such, whether at public auction or private sale, is voidable at the option of the beneficiaries under the will, and these rules can be enforced without regard to the question of good faith or adequacy of price, and whether the trustee has or has not a personal interest in the same property. (*Michoud* v. *Girod*, 4 How. [U. S.] 503 ; *Davoue* v. *Fanning*, 2 Johns. Ch. 251; *Gardiner* v. *Ogden*, 22 N. Y. 327; *Conger* v. *Ring*, 11 Barb. 356; *Fulton* v. *Whitney*, 66 N. Y. 548; 1 Greenlf. Cruise on Real Property, 447; Tiffany and Bullard on Trusts and Trustees, 483 ; 4 Kent's Com. 438.) Nor is the mere formal leave to buy usually granted to the parties in a foreclosure or partition decree of sale sufficient to legalize such purchase by an executor or trustee, as said consent is granted merely to obviate the technical rule that parties to the action cannot buy, and is not intended to determine equities between the parties to the action or between such parties and others. (*Fulton* v. *Whitney*, 66 N. Y. 556 ; *Torrey* v. *Bk. of Orleans*, 9 Paige, 661; *Conger* v. *Ring*, 11 Barb. 356.) Any court having jurisdiction of both trustees

and *cestui que trustent* and having jurisdiction of the subject-matter may, in a proper case, and after the hearing of such *cestui que trustent* or beneficiaries, authorize such trustees, to buy individually at a sale of such trust property, and such leave of a court will effectually bar any rights of said beneficiaries to question or attack such purchase. (*De Caters* v. *Chaumont*, 3 Paige, 178 ; *Gallatin* v. *Cunningham*, 8 Cow. 361 ; *Campbell* v. *Walker*, 5 Ves. Jr. 678 ; *Michoud* v. *Girod*, 4 How. [U. S.] 503 ; Potter's Willard's Eq. Jur. 607 ; Lewin on Law of Trusts [7th ed.], 443 ; Godefroy on Trusts, 184 ; *Fulton* v. *Whitney*, 66 N. Y. 556 ; 11 Barb. 365 ; 33 id. 593 ; 59 id. 13 ; 21 id. 201 ; 5 N. Y. 262 ; 22 id. 349 ; 27 id. 565 ; 44 id. 241.)

*Samson Lachman* for respondents. The court had power to authorize the trustees to bid at the sale in partition. (*Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Fulton* v. *Whitney*, 66 N. Y. 548 ; *Van Epps* v. *Van Epps*, 9 Paige, 237.) An exception exists where the trustees have a personal interest in the property, which would otherwise be seriously prejudiced or where, in the opinion of the court, it would be to the advantage of the *cestui que trust* to grant such leave. (*Campbell* v. *Walker*, 5 Ves. 678 ; *Farmer* v. *Dean*, 32 Beav. 327 ; *Gallatin* v. *Cunningham*, 8 Cow. 380 ; *De Caters* v. *Chaumont*, 5 Paige, 178 ; *Fulton* v. *Whitney*, 66 N. Y. 548 ; *Bergen* v. *Bennett*, 1 Caine's Cas. in Error, 20 ; *Colgate* v. *Colgate*, 23 N. J. Eq. 372 ; *Faucett* v. *Faucett*, 1 Bush [Ky.], 511; *McCarty* v. *Press Co.*, 5 La. 16 ; Willis on Trusts [1827], 164 ; Underhill on Trusts, 228, art. 53, 234 ; Lewin on Trusts [7th ed.], 443 ; Hill on Trusts [4th Am. ed.], 159 ; Perry on Trusts [3d ed.], § 195 ; Sugd. on Vend. 694 [8th Am. ed. 419] ; Dart on Vend. [5th ed.] 44 ; Willard's Eq. Jur. 607 ; White and Tudor's Lead. Cas. 212 ; Tuttle's Farm Titles, East Side, 217.) All parties to the suit, infant or adult, and all unborn children are bound by the orders, judgment and decree in the suit. All were represented, and no step was taken without notice to every party. (Code of Civ. Pro., §§ 1557, 1577.) The

decree constitutes an adjudication, which is final and binding upon all the parties. (*Clemens* v. *Clemens*, 37 N. Y. 73; *Blakely* v. *Calder*, 15 id. 617; *Brevoort* v. *Brevoort*, 70 id. 136.)

Earl, J. Prior to March 15, 1880, Abraham Scholle, together with the plaintiff, William Scholle, and the defendant, Jacob Scholle, were seized of certain real estate in the city of New York as equal tenants in common. Abraham Scholle died in March, 1880, leaving a will whereby he appointed his brothers, Jacob and William Scholle, his widow, Babetta, Julius Ephrmann and Simon Davidson executors and trustees, all of whom but William Scholle qualified as such. Davidson was subsequently discharged by order of the Surrogate's Court and the other three acted as sole trustees and executors of the will. The will was also admitted to probate in California, and there William Scholle qualified as executor. By the provisions of the will the testator gave his executors power to sell his real estate, and he directed them to sell the same and invest the proceeds as directed and pay the income thereof to his children during their lives, and at their deaths the share of each parent was to go to his or her children *per stirpes*. The testator left two sons and two daughters, the daughters having infant children living, all of whom were made defendants in this action, and the infants were represented therein by a guardian *ad litem* duly appointed. The action was brought by William Scholle for the partition of all the real estate held in common by him, Jacob and the testator. The action was referred to a referee who reported that a large portion of the property was incapable of partition and would have to be sold; and a judgment in accordance with his report was entered. Thereupon plaintiff and the defendant, Jacob Scholle, presented to the court their petition setting forth their individual interests in the property, and various other facts, and asking for leave to buy at the sale. The petition came on for a hearing before the court on notice to all parties, including the guardian *ad litem* for the infants and all the other beneficiaries under the will, and the matter

was referred to a referee to take testimony and report to the court together with his opinion whether Jacob and William Scholle could with safety be permitted to purchase. The referee after hearing the testimony, and full notice to all parties, reported that Jacob and William Scholle should be permitted to purchase, provided their bids were made subject to confirmation by the court, both as to their adequacy and fairness, and his report was subsequently confirmed by the court on notice to all parties. The property was subsequently exposed for sale by the referee appointed for that purpose, and Jacob and William Scholle were the highest bidders for property amounting in value to about $200,000. In pursuance of the directions contained in the interlocutory judgment, the same referee summoned all the parties before him, and took evidence as to the adequacy of the bids and prices paid, and after hearing all the parties found that they were adequate, and so reported to the court, and his report was confirmed. Subsequently William and Jacob Scholle made a petition to the court to be relieved from their purchase on the ground that they could not obtain a good title because they were trustees named in the will, and at the same time the referee appointed under the interlocutory judgment to sell the property made a motion to compel them to complete their purchase. Both motions came on before the court at the same time on due notice to all parties interested in the property, including all the beneficiaries, and the court made an order directing William and Jacob Scholle to complete their purchase and denied their application to be relieved therefrom; and they appealed from that order to the General Term and from affirmance there to this court.

The general rule is not disputed that the purchase by a trustee directly or indirectly of any part of a trust estate which he is empowered to sell, as trustee, whether at public auction or private sale, is voidable at the election of the beneficiaries of the trust; and this rule will be enforced without regard to the question of good faith or adequacy of price, and whether the trustee has or has not a personal interest in the same property. Nor is it sufficient to enable a trustee to make such a purchase

that the formal leave to buy, which is usually granted to the parties in a foreclosure or partition sale, has been inserted in the judgment. Such a provision is inserted merely to obviate the technical rule that parties to the action cannot buy, and is not intended to determine equities between the parties to the action, or between such parties and others. (*Fulton* v. *Whitney*, 66 N. Y. 548; *Torrey* v. *Bank of Orleans*, 9 Paige, 649; *Conger* v. *Ring*, 11 Barb. 356.) But where the trustee has an interest to protect by bidding at the sale of the trust property, and he makes special application to the court for permission to bid, which, upon the hearing of all the parties interested, is granted by the court, then he can make a purchase which is valid and binding upon all the parties interested, and under which he can obtain a perfect title. (*De Caters* v. *Chaumont*, 3 Paige, 178; *Gallatian* v. *Cunningham*, 8 Cow. 361; *Davoue* v. *Fanning*, 2 Johns. Ch. 251; *Bergen* v. *Bennett*, 1 Caine's Cas. 1, 20; *Chapin* v. *Weed*, 1 Clarke's Ch. 464, 469; *Colgate's Ex'r* v. *Colgate*, 23 N. J. Eq. 372; *Froneberger* v. *Lewis*, 79 N. C. 426; *Faucett* v. *Faucett*, 1 Bush, 511; *Michoud* v. *Girod*, 4 How. [U. S.] 503; *Campbell* v. *Walker*, 5 Ves. Jr. 678; *Farmer* v. *Dean*, 32 Beav. 327; Potter's Willard's Eq. Jur. 607; Lewin on Trusts [7th ed.], 443; Godefroy on Trusts, 184.) Here, upon notice to all the beneficiaries, an order was made allowing these appellants to bid. After they had made their bids and signed the terms of sale, a further hearing was had upon notice to all the parties as to the fairness of the sales and the adequacy of the prices, and the sales were approved and confirmed by the court. Under such circumstances there can be no doubt that these appellants would get a good and perfect title to the lands purchased by them, and their title would be good, not only as against all the living parties to the suit, but as against unborn grandchildren, if any such should hereafter come into being. (Code of Civ. Pro., §§ 1557, 1577.)

The orders appealed from should, therefore, be affirmed, with costs.

All concur.

Orders affirmed.