Rollins, S.
This testatrix died in 1879, leaving as her surviving next of kin and as her residuary legatees and devisees, four daughters, and the children of another daughter deceased. Two of her daughters, Matilda and Josephine, were unmarried; of the two others, Jane and Henrietta, the first was the wife of Jules G. Glaentzer, the other the wife of Richard A. Banter.
The testatrix appointed her two sons-in-law executors, and her two unmarried daughters executrices of her estate. All four qualified and joined in an account which was filed in September, 1883. That account set forth, among other things, that the accounting parties, pursuant to the authority given them by the will, had sold to one Joseph Le Comte certain real property of this estate, situated at No. 73 Eighth avenue, and at No. 266 West Thirty-eighth street, in the city of New York, and that they were chargeable with certain specified sums received by them as proceeds of the sale of such property.
. This account was judicially settled and determined by a decree entered on September 11, 1883.
In behalf of two of the three grandchildren of the tes *785 tatrix interested in the estate, both of whom are infants, I am now asked to vacate and set aside "said decree and to permit the said infants to interpose objections to the accounts as filed, and to investigate the same as if said decree had never been entered.
These infants were represented in the accounting proceeding by a special guardian, but it appears from his affidavit that he was not advised until long after his services had ended, of the fact which lies at the foundation of this motion, viz., that within a brief period after the accounting parties had conveyed the above-named property to Joseph Le Comte, the latter executed a conveyance thereof to the four daughters of the testatrix, two of whom, as had been heretofore stated, were her executrices.
There is much reason to believe that this transfer by Joseph Le Comte was made in pursuance of an agreement of understanding between himself and his grantees.
If I were entirely satisfied that such is the fact, I should feel bound to grant this application, even though it were conceded that the respondents performed their whole duty in giving publicity to the auction sale of the property in question, that the purchase price of such property was commensurate with its value, and that the executors and executrices, in all that they did, acted honestly and in good faith.
The infants, for whom relief is here asked, are, under all the circumstances, in as good a situation to assail the transaction upon which their claim for relief is founded as they were before the entry of the 1883 decree. I cannot doubt that if they had then been able to show that Joseph Le Comte’s purchase was for the personal advantage of the executrices and the wives of the two executors, an objection to the account such as is now sought to be interposed would have been sustained.
The doctrine that a trustee cannot, without special leave of the court, purchase the property of his trust and that unless the beneficiary chooses to affirm such a purchase it will be disregarded upon his demand, is thoroughly well settled. Davoue v. Fanning, 2 John. Ch., 252; Cumberland Coal Co. v. Sherman, 30 Barb., 553; Iddings v. Bruen, 4 Sand., 223; De Caters v. De Chaumont, 3 Paige, 178; Van Epps v. Van Epps, 9 Paige, 237; Ames v. Downing, 1 Brad., 321; Jewett v. Miller, 10 N. Y., 402; Gardner v. Ogden, 22 id , 327; Forbes v. Halsey, 26 id., 53; Conkey v. Bond, 36 id., 427; Terwilliger v. Brown, 44 id., 237; Fulton v. Whitney, 66 id., 548; People v. Building Co., 92 id., 98; Scholle v. Scholle, 101 id., 167; Munson v. Syracuse G. and C. R. R. Co., 103 id., 58.
*786 ■ The papers before me leave my mind in doubt as to-whether Joseph Le Qpmte’s purchase was in substance and effect a purchase by decedent’s daughters, and upon this question, therefore, I order a reference before the present motion can be decided.