JAMES E. BOYER et al., Appellants, *v.* ELLENOR EAST et al., Respondents.

1. PURCHASE BY GUARDIAN IN SOCAGE OF INFANTS' LAND — RIGHTS OF SUBSEQUENT GRANTEE. A mother of infants, who, upon the death of their father intestate, has become their guardian in socage, and as such, has the custody of their interests in real estate inherited from him, and who also has a personal interest therein as dowress, may, for the protection of the common interest of herself and children, or for the protection of her own interest alone, purchase at a foreclosure sale of the real estate, and take in her own name a deed thereof, and can convey a good title to a subsequent grantee, who cannot be held responsible for her application of the purchase price.

2. RESTRICTION OF PURCHASE BY GUARDIAN AT A JUDICIAL SALE. The provision of section 1679 of the Code of Civil Procedure, that "a guardian of an infant party to the action, shall not, * * * purchase, or be interested in the purchase of, any of the property sold," applies only to guardians *ad litem* and not to guardians in socage.

3. LACHES IN ATTACKING GUARDIAN'S PURCHASE OF INFANTS' REAL PROPERTY. A delay of eight years after the youngest of the infants attained his majority in attacking a purchase by their guardian in socage, of real property in which they were interested, is such *laches* as bars relief against subsequent grantees, where one was in his fifteenth and the other in his seventeenth year at the time of the sale and they were more or less conversant with what was done.

*Boyer* v. *East*, 25 App. Div. 625, affirmed.

(Argued January 22, 1900; decided February 6, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 18, 1898, affirming a judgment in favor of defendants entered upon a dismissal of the complaint upon the merits at a Special Term.

In 1879, the plaintiffs' father, James E. Boyer, died, intestate and seized of certain real estate in the city of Rochester. He left him surviving a wife and two children, the latter being these plaintiffs. In 1882, the mortgagee in a mortgage, made by Boyer and his wife to secure the payment of his bond, instituted foreclosure proceedings; making Mrs. Boyer and the children defendants. The latter were then infants and a guardian *ad litem* was appointed for them. A judgment of foreclosure was obtained, directing a sale and permitting any of the parties to purchase. A sale was had in May, 1882, at which Mrs. Boyer became the purchaser; being the highest bidder and her bid covering the amount of the mortgage indebtedness upon the property. The same day that she received the referee's deed, she conveyed the premises by warranty deed to the defendant Palmer, the mortgagee, for the sum of $2,500. She received all of this sum less the mortgage debt, taxes and sundry loans owning to Palmer. Over a year later, Palmer conveyed the premises to the defendant Blair, who, in turn, conveyed to the Easts. At the time of the purchase by their mother, the plaintiff James was in the seventeenth year of his age and the plaintiff Daniel was in the fifteenth year of his age. They, respectively, became of age in December, 1886, and in September, 1888. Their mother died in 1890.

Within a few weeks after the purchase and subsequent sale by Mrs. Boyer of the premises, she married again and she used some of the moneys received by her upon the sale to Palmer in the purchase of a saloon. Daniel lived with his mother until he married. James, after his mother's marriage, lived elsewhere until he married and for some part of the time his mother paid something towards his maintenance. This action was commenced in February, 1896, against the persons who had acquired title to the premises through the conveyances, or who were in occupation as tenants, to set aside the foreclosure sale and to recover the possession of the property and for an accounting as to the rents and profits. The trial was had at the Equity Term of the court and resulted in the dis-

missal of the complaint, upon findings to the effect that Mrs.
Boyer had acquired a good legal title, which passed to Palmer
by her conveyance.   There was no finding of any fraud in the
transaction, nor any request to find such, and the evidence
does not warrant the inference that there was any bad faith,
or any fraudulent practice.   The judgment entered upon the
decision of the trial judge has been affirmed at the Appellate
Division, in the fourth department, and the plaintiffs have
appealed to this court.

*William T. Plumb* for appellants.   Mrs. Boyer could not
purchase the property left by her husband, so as to cut off her
infant children, but took it subject to a trust in their favor.
(1 R. S. 719, § 5 ; *Sylvester* v. *Ralston,* 31 Barb. 286 ; *Matter
of Hynes,* 105 N. Y. 560 ; Woerner on Guardianship, 74 ;
*Porter* v. *Bleiler,* 17 Barb. 149 ; *Duke of Beaufort* v. *Berty,*
1 P. Wms. 703 ; *Roe* v. *Hodgson,* 2 Wils. 129 ; *Emerson* v.
*Spicer,* 46 N. Y. 594 ; *Davoue* v. *Fanning,* 2 Johns. Ch. 252 ;
2 R. S. 153, § 20 ; *Van Horne* v. *Fonda,* 5 Johns. Ch. 388 ;
*Gallatian* v. *Cunningham,* 8 Cow. 361 ; *Van Epps* v. *Van
Epps,* 9 Paige, 237.)   The defendants in this action took title
to the premises in question, subject to the right of the plain-
tiffs to compel an accounting and a reconveyance.   (Hill on
Trustees, 164 ; Perry on Trusts, § 217 ; 2 Pom. Eq. Juris.
§ 688 ; Jones on Real Prop. § 161 ; *Ward* v. *Smith,* 3 Sandf.
Ch. 592 ; *Fulton* v. *Whitney,* 66 N. Y. 548 ; *Wetmore* v.
*Porter,* 92 N. Y. 76 ; *I., I. & I. R. R. Co.* v. *Swannell,* 157
Ill. 616 ; *Dunbar* v. *Tredennick,* 2 Ball & B. 304 ; *Le Neve* v.
*Le Neve,* 2 L. C. in Eq. 23 ; *Moot* v. *B. M. I. Assn.,* 157 N. Y.
209 ; *Gallatian* v. *Cunningham,* 8 Cow. 361 ; *Woodruff* v.
*Cook,* 2 Edw. Ch. 259 ; *McPherson* v. *Rollins,* 107 N. Y. 316.)
The plaintiffs have in no way impaired their right to impeach
these transactions.   (Code Civ. Pro. § 413 ; *Dezengremel* v.
*Dezengremel,* 24 Hun, 457 ; *Eno* v. *Diefendorf,* 102 N. Y.
720 ; *Derby* v. *Yale,* 13 Hun, 277 ; *Cox* v. *Stokes,* 156 N. Y.
491 ; *Gilmore* v. *Ham,* 142 N. Y. 6 ; *Loder* v. *Hatfield,* 71
N. Y. 104 ; *De Pierres* v. *Thorn,* 4 Bos. 266 ; Wood on Lim.

§ 62; *Archibold* v. *Scully*, 9 H. L. Cas. 360; *Green* v. *Green*, 69 N. Y. 553.) The purchase by Mrs. Boyer was in violation of the prohibition contained in section 1679 of the Code, and was absolutely void. (*O'Donoghue* v. *Boies*, 159 N. Y. 87; *O'Brien* v. *Reformed Church*, 10 App. Div. 605; *Christ* v. *Chetwood*, 1 Misc. Rep. 418; Code Civ. Pro. §§ 1679, 2774; *Jenkins* v. *Fahey*, 73 N. Y. 355; *Chamberlain* v. *W. T. Co.*, 44 N. Y. 309; *Willis* v. *Gipps*, 5 Moore [P. C.], 379; *N. U. Bank* v. *Copeland*, 141 Mass. 257; *Lowe* v. *Brooks*, 23 Ga. 325; *In re Sanders*, L. J. [54 Q. B.] 331; *Steinhardt* v. *Baker*, 25 App. Div. 200.) The sale being absolutely void under the statute, the title remains wholly in the infants, even as against *bona fide* purchasers for value and without notice, actual or constructive. (*Forbes* v. *Halsey*, 26 N. Y. 53; *Terwilliger* v. *Brown*, 44 N. Y. 237; *O'Donoghue* v. *Boies*, 92 Hun, 3; 159 N. Y. 87.)

*Horace McGuire* for respondents East. The plaintiffs have waived any right which they may have had to set aside the sale under the foreclosure proceedings. (*Bostwick* v. *Atkins*, 3 N. Y. 53; *Greagan* v. *Buchanan*, 15 Misc. Rep. 580; *Harrington* v. *E. C. S. Bank*, 101 N. Y. 257; *Kahn* v. *Chapin*, 152 N. Y. 305.) The sale to Alice Boyer was not void as she was not the guardian *ad litem* of the infants. (*O'Donoghue* v. *Boies*, 159 N. Y. 101; *O'Brien* v. *Reformed Church*, 10 App. Div. 605.) The defendants East are *bona fide* purchasers in good faith and without notice, and their title cannot be impeached even in equity. (4 R. S. [8th ed.] 2437, §§ 54, 64.) The legal title passed to Alice Boyer, and cannot be questioned by the *cestui que* trust except in equity against the trustee and grantees with notice. (*Johnson* v. *Bennett*, 39 Barb. 237; *O'Brien* v. *Reformed Church*, 10 App. Div. 605.)

*George Raines* for respondent Palmer. The purchase by Mrs. Boyer was for the benefit of her children. She was the highest bidder, at $825, which was one-third the value of the

property, and thereby prevented the property being sold for less than the mortgage debt and the equity of the children and herself therein from being utterly lost. (Code Civ. Pro. § 2348; *Warren* v. *Union Bank,* 28 App. Div. 19; Perry on Trusts, § 476; *Bellamy* v. *Thornton,* 15 South. Rep. 831.) The guardian in socage, as a dowress, may purchase lands of the ward at judicial sales and receive a valid deed. Section 1697 of the Code of Civil Procedure does not apply to such guardians. If for the protection of the ward, in good faith, the purchase is not voidable. (*O'Brien* v. *Reformed Church,* 10 App. Div. 605; *Boerum* v. *Schenck,* 41 N. Y. 182; *Lucky* v. *Odell,* 14 J. & S. 547; *Kullman* v. *Cox,* 26 App. Div. 159; *Knolls* v. *Barnhart,* 71 N. Y. 474; *Scholle* v. *Scholle,* 101 N. Y. 167; *Banks* v. *Taylor,* 10 Abb. Pr. 202; *Matter of Hynes,* 105 N. Y. 563; *Willick* v. *Taggart,* 17 Hun, 513.) Plaintiffs have by *laches* in commencing action, for a period of eight and ten years, respectively, after coming of age, waived and lost all rights to attack the title acquired by the foreclosure sale. (*Peters* v. *Delaplaine,* 49 N. Y. 362; *Greagan* v. *Buchanan,* 15 Misc. Rep. 580; *Bostwick* v. *Atkins,* 3 N. Y. 53; *Cornell* v. *Hayden,* 24 Wkly. Dig. 1; *Kahn* v. *Chapin,* 152 N. Y. 305; *Havens* v. *Patterson,* 43 N. Y. 218; *Delavan* v. *Duncan,* 49 N. Y. 488; *McKechnie* v. *McKechnie,* 3 App. Div. 102; *Smith* v. *Clay,* 3 Bro. Ch. 640; *Jackson* v. *Walsh,* 14 Johns. 406.)

GRAY, J. The plaintiffs contend, *first,* that the sale to their mother was voidable under the rule in equity which forbids purchases by trustees and, *second,* that it was void under section 1679 of the Code of Civil Procedure. Their first contention raises the question of the right of their mother, who was their guardian in socage, to purchase in her own name at the foreclosure sale. Under the statutes of this state, as their father had died intestate, they became vested with an estate in his lands and, being infants, their mother was their guardian in socage. Such guardianship continues, unless superseded by the appointment of a testamentary or other guardian,

under the provisions of the statute, until an infant arrives at the age of twenty-one years. (1 R. S. 718, 719, § 57; *Byrne* v. *Van Hoesen*, 5 Johns. 66; *Emerson* v. *Spicer*, 46 N. Y. 594.) As guardian in socage, there devolved upon her the custody of the infants' interests in the real estate (1 R. S. 151, § 20), with its consequent responsibilities, and she could not do any act in opposition to their interests. But she had, also, a personal interest in the lands as dowress and, in that respect, was a tenant in common with her children. Upon the foreclosure sale, she could protect that common interest and she committed no breach of any legal duty towards the infants in purchasing and in taking the deed in her own name. She had the right to do so, by reason of her own interest in the property, and, indeed, were she only interested as a guardian in socage, the deed might be to her in her own name. That she was such guardian by force of the statute did not constitute such an official capacity, as would have been the case were the guardianship one by appointment. The only presumptions, therefore, to be entertained, with respect to her purchase at the foreclosure sale, were that she bought to protect her own, or the common interest. She thereby obtained a good legal title, which she could convey to her grantee. As to what she did with the property, or its proceeds, she was accountable to her children; but that was no concern of the grantee. However chargeable in law with knowledge of her legal relationship, he had the right to rely upon her legal right to buy in her own name and upon the presumption that she was acting in her own, or in the common interest, and he was not responsible for the application of the moneys.

The sale was regular; the infants' interests were represented in the action by the guardian *ad litem* and there was no fraud found. Palmer's title and that of his grantees, therefore, are unassailable; unless the second contention of the appellants has any force, that section 1679 of the Code of Civil Procedure prohibited and avoided the purchase by their guardian in socage. That section is entitled: "Purchases by certain offi-

74

cers prohibited." It provides that " A commissioner, or other
officer, making a sale, as prescribed in this title, or a guar-
dian of an infant party to the action, shall not,  *  *  *
purchase, or be interested in the purchase of, any of the prop-
erty sold," etc. This section, found in a Code which regu-
lates procedure in civil actions, can have reference, only, as
its title indicates, to a purchase by an officer of the court, or
by persons who stand in an equivalent relation. The Code
had, already, provided that a guardian *ad litem*, in the case
of an infant defendant, should be appointed by the court and
this section has reference to such a guardian. In the Revised
Statutes, from which the section is derived, the prohibition
was against " any guardian of any infant party in such suit."
The change in the language to " a guardian of an infant party
to the action," I think has some significance. It appears to
define, as the guardian aimed at, the guardian *ad litem*
required to be appointed, in the course of the proceeding, by
the court and includes him in the restriction as to purchasing
at a judicial sale, which is imposed upon the commissioner, or
other officer, making the sale. The section could not have
been intended to effect any change in rules of law, or of
equity.

The case of *O'Donoghue* v. *Boies*, (159 N. Y. 87), decides
nothing adverse to these views. The mother, in that case, was
not only the general guardian of the infants, but had been,
also, appointed their guardian *ad litem* in the action of parti-
tion. Furthermore, the defendants, there, were the devisees
of the real estate in question under the will of their father.

Upon a further ground the court should have refused to enter-
tain the action. The defendants had the right to invoke the
equitable doctrine that, as the plaintiffs had slept so long upon
their rights, they should be deemed to have waived the right to
attack the title acquired through their mother's purchase and
conveyance. Whether a court of equity should come to the
aid of those who have failed in diligence, will depend upon
the circumstances of the case. These plaintiffs were beyond
the age when, at common law, guardianship in socage might

cease.  One was in his fifteenth year and the other in his seventeenth year at the time of the sale.  They were, more or less, conversant with what their mother had done ; but upon attaining their majorities, in 1886 and 1888, though she survived until 1890, there was no assertion of any claim by them until in 1896.  If they had the election to treat as void the sale to and the conveyance by their mother, it was incumbent upon them to be reasonably diligent and the delay in bringing such an action was, in my opinion, under the circumstances, fatal.

I think the judgment should be affirmed, with costs.

Bartlett, Martin, Vann, Cullen and Werner, JJ., concur ; Parker, Ch. J., concurs in the result on the last ground stated in the opinion, viz., that a court of equity will not lend its aid to parties who have slept upon their rights for so many years under such circumstances as are disclosed in this record.

Judgment affirmed.