(33 Misc. Rep. 185.)

MUNSELL v. MUNSELL et al.

(Supreme Court, Special Term, Montgomery County. November, 1900.)

PARTITION SALE—PURCHASE BY GUARDIAN—VALIDITY.

    Code Civ. Proc. § 1679, declaring that a purchase by a guardian of an infant is void, applies only to guardians ad litem; and hence, where a general testamentary guardian of an infant purchases property of his ward in his own name, the sale is not void, but voidable only.

Ejectment by Edna J. Munsell against Emma Munsell and another. Complaint dismissed.

W. A. McDonald, for plaintiff.

W. B. Dunlap, for defendant.

HOUGHTON, J. The plaintiff brings ejectment, claiming the original title of William J. Munsell is void as to her. William J. obtained his title at partition sale in June, 1890. He was testamentary guardian of plaintiff at the time, and purchased the property in his own name. His wife was a part owner, and the plaintiff in the partition action; and the present plaintiff, then an infant,

was the owner of an undivided one-third. A guardian ad litem (not William J.) was appointed by the court to act for the plaintiff in that action, and no question is raised as to the regularity of the judgment or sale, except in regard to the purchase by William J. The plaintiff claims that the purchase and conveyance by William J. while he was her guardian was void, and had no effect upon her legal title. The defendants insist that it was only voidable. It has long been the law that a purchase by a guardian or trustee of the property of his ward or cestui que trust in his own name is not void ab origine, but voidable only. This rule is laid down by every text-book treating of the subject, and by a long line of decisions in all the courts of this state, among which are Bostwick v. Atkins, 3 N. Y. 53; Harrington v. Bank, 101 N. Y. 257, 4 N. E. 346; Dodge v. Stevens, 94 N. Y. 209; Duncomb v. Railroad Co., 22 Hun, 133; Id., 84 N. Y. 190. The plaintiff insists that the recent case of O'Donoghue v. Boies, 159 N. Y. 87, 53 N. E. 537, has changed this rule as to general and testamentary guardians of infants, and that such purchases by such guardians are now absolutely void. The defendants claim that the rule of law applicable to the present case, at least, has not been changed with respect to purchases by guardians, except guardians ad litem, and cite the case of Boyer v. East, 161 N. Y. 580, 56 N. E. 114, as upholding that view. I think the defendants' position must be upheld. The provision of the Revised Statutes in force and governing the decision in O'Donoghue v. Boies has been superseded by section 1679 of the Code of Civil Procedure, which was in force at the time of the purchase by William J. Munsell. At least with respect to purchases since that section of the Code has been in force the case of Boyer v. East seems to be controlling. In that case the court says:

"It appears to define, as the guardian aimed at, the guardian ad litem required to be appointed in the course of the proceeding by the court, and includes him in the restriction as to purchasing at a judicial sale, which is imposed upon the commissioner or other officer making the sale. The section could not have been intended to effect any change in rules of law or of equity."

The court comments upon the case of O'Donoghue v. Boies, and asserts that that case decides nothing adverse to the views therein expressed.

William J. Munsell was not the guardian ad litem of the plaintiff, and therefore his purchase is not governed by the provisions in the section of the Code referred to. This view is strengthened by the case of O'Brien v. Reformed Church, 10 App. Div. 605, 42 N. Y. Supp. 356, which holds that the guardian aimed at by section 1679 of the Code is simply a guardian ad litem in the action in which the sale is had. The rule of law that such a purchase was only voidable had long been in existence at the time of the enactment of the Code, and the title and article in which the section under consideration is found does not assume to do anything other than regulate the bringing of actions, with respect to real property, and direct the manner of sale, and the conduct of officers making it. It cannot be supposed that the legislature intended to lay down any new rule of law governing the purchase of property by guardians in general, but only

by those guardians or officers which it had prescribed should be appointed in the course of the actions regulated. The purchase by William J. Munsell, therefore, was only voidable at the election of the plaintiff. She, therefore, has no such title as will permit an action of ejectment.

This view makes it unnecessary to discuss the other questions raised in behalf of the defendants, with respect to an election by the plaintiff, through the proceedings in the surrogate's court, after she became of age, in settlement with her guardian, and the conclusiveness of the judgment in partition. The complaint is dismissed upon the merits, with costs.

Complaint dismissed, with costs.