CORBIN et al. v. BAKER.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

TRUSTEE—PURCHASE OF TRUST PROPERTY—INDIVIDUAL INTEREST—AUTHORITY OF COURT.

    That the purchaser at a partition sale of real estate was trustee of a half interest therein did not prevent his acquiring a valid title, not voidable at the instance of the cestui que trust; he having an individual interest in the property, and the court, being fully advised of the facts, having decreed that any party to the action might purchase at the sale.

Appeal from judgment on report of referee.

Suit by Hannah M. Corbin and others against John O. Baker. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Charles E. Miller, for appellant.
David McClure, for respondents.

McLAUGHLIN, J. On the 25th of April, 1900, the defendant entered into a contract in writing, under seal, with the plaintiffs, to purchase, and for them to sell, the premises described in the com-plaint, for the sum of $400,000, of which $10,000 was paid down, and the balance stipulated to be paid at completion of the contract, June 28, 1900, when the deed was to be delivered. On June 28, 1900, the plaintiffs tendered a deed, which the defendant refused to ac-cept, upon the ground that it did not convey a good and marketable title to the premises in question. This action was thereupon brought to compel the defendant to specifically perform the contract, by pay-ing the balance of the purchase money. The defendant, in an answer interposed by him, alleged, among other things, that he was, and at all times had been, willing to perform, but that the plaintiffs did not have a good and marketable title to the land which he contracted to purchase, and by reason thereof he was entitled to a judgment against them for the amount which he had paid at the execution of the contract, together with interest thereon. The issues raised by the pleadings were sent to a referee to hear and determine, who reported in favor of the plaintiffs, and from the judgment entered thereon the defendant has appealed.

There is substantially no dispute between the parties as to the facts. The real estate contracted to be purchased by the defendant was formerly owned by James Gordon Bennett, who died in 1872. He left a last will and testament, by which he gave, subject to cer-tain provisions for his wife, which have been satisfied, one-half of the real estate to his son, James Gordon Bennett, and the other half to his said son in trust, to hold during the life of the testator's daughter, Jeanette, and upon her death he gave such half absolutely to her surviving children and the issue of deceased children. The daughter, Jeanette, subsequently married one Bell, by whom she had two children (a son, Isaac, and a daughter, Norah), both of whom are now living; the latter being under 21 years of age. In 1881 the testator's son, individually and as trustee under the father's will, brought an action for the partition and sale of certain real estate, including that the title to which is here in question. That action was prosecuted to and resulted in a judgment directing a sale, and in pursuance thereof the real estate described in the contract between the plaintiffs and the defendant was sold, and on such sale purchased by the son, James Gordon Bennett, individually, who there-after conveyed to Austin Corbin, whose executors, under a power of sale contained in his will, contracted to sell the same to the de-fendant. The defendant's objection to the plaintiffs' title is that Bennett, who purchased at the partition sale, did not acquire a good and marketable title, in that, as he was at the time acting as trus-tee for his sister, to the extent of a one-half interest in the property contracted to be sold, he could not become a purchaser, and for that reason the purchase made by him is voidable, and can be set aside at the instance of the cestui que trust; that Mrs. Bell is still living,

and, should she outlive her children, they leaving issue, who, if living at the time of her death, would take under the will of her father, and inasmuch as such issue may yet be born, no question of laches or estoppel can arise, to prevent them from asserting their rights.

There is no doubt about the general rule that the purchase by a trustee, unauthorized by the court, is voidable at the instance of the cestui que trust; but there is a well-recognized exception to this rule,—that where a trustee has a personal interest to protect by bidding at the sale of the trust property, and prior thereto he makes an application to the court for leave to bid, which, upon the hearing of all the parties interested, is granted, he can then make a purchase which is valid and binding upon all the parties interested, and under which he can obtain a good and marketable title. Fulton v. Whitney, 66 N. Y. 548; Scholle v. Scholle, 101 N. Y. 167, 4 N. E. 334; De Caters v. Le Ray de Chaumot, 3 Paige, 178; Davoue v. Fanning, 2 Johns. Ch. 252; Bergen v. Bennett, 1 Caines, Cas. 20; Chapin v. Weed, 1 Clark, Ch. 469; Michoud v. Girod, 4 How. 503, 11 L. Ed. 1076. Nor is there any doubt that the purchaser of real estate is entitled to a title which is free from reasonable doubt. Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905; Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, 8 L. R. A. 591. And whenever a title may be fairly questioned a contracting purchaser will not be required to take it. McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527. But objections which merely suggest defects which have no real foundation, and are of such a character as a cautious and business man would not consider, are unavailing, and will not excuse a purchaser from performing his contract. We think the exception to the rule above alluded to is applicable to the facts here presented, and for that reason the title tendered by the plaintiffs is a good and marketable one. The partition action under which James Gordon Bennett, the son, acquired title to the land in question, was brought by him not only as trustee, but also individually. He was so described in the summons and complaint, and the referee, who was appointed to ascertain his individual interest, as well as his interest as a trustee, and also to determine whether the property should be actually partitioned or a sale had, reported that it was desirable that the property should be sold. Exceptions to the report were taken by the guardian ad litem appointed for the infant defendants, and, after a hearing by the court,—due notice being given to all the parties interested,—the report was confirmed and the property ordered to be sold. After reciting the respective interests, this order directed that "the said sale be at public auction, at the city of New York, by James Matthews, Esq., referee for that purpose hereby appointed, and that said referee give three weeks' notice of the time and place of said sale, in the manner required by law; and at such sale any party to this action may become a purchaser." In pursuance of this direction, the sale was had and the purchase made as above indicated. The referee thereafter made a report, upon which a final judgment was entered, which, among other things, confirmed the same, and directed the referee to execute proper conveyances to the purchaser, and that the unpaid purchase money be secured by bonds and mortgages, which

were to be delivered to James Gordon Bennett, "as trustee as aforesaid, or to his attorney, to be by him, the said James Gordon Bennett, as such trustee, held upon the trust mentioned in the will and codicil of James Gordon Bennett, deceased." And it was also adjudged "that the deeds of said referee to be given as aforesaid shall be valid and effectual forever, and operate to convey to the grantee therein named all the estate, right, title, and interest, claim and demand, legal and equitable, as well of all and each of the parties to this action as of the children born of the body of the defendant Jeanette Bell after the filing with the clerk of the city and county of New York of the notice of pendency of this action, or after the entry of the interlocutory judgment in this action, or hereafter to be so born, in and to the premises described in said deeds, and each of them; and said deeds, and each of them, shall be a perpetual bar as well against all and each of the parties to this action as against the children so to be born as aforesaid, and against all and every person claiming through or under them, by title accruing subsequent to the filing with the clerk of the city and county of New York of the notice of the pendency of this action." The referee thereafter made a report, in and by which he showed to the court that he had performed his duty as directed; that the deed and the bonds and mortgages, as specified, had been delivered to James Gordon Bennett, as trustee, to be held by him under the will and codicil.

Under these circumstances, we think, notwithstanding the fact that the purchase was made by the trustee at the sale, that the purchaser acquired a good and marketable title. The court was put in possession of all the facts relating to the sale, and the interest of the respective parties therein, including that of the trustee. He was a party to the action in his individual capacity, and as such was authorized to make the purchase, and that he was so authorized does not seem to us to be subject to the criticism suggested by the appellant's counsel. He individually owned one-half of the property sold, and, being such owner, the court had the power to authorize him to protect his interest upon a sale. Boyer v. East, 161 N. Y. 580, 56 N. E. 114. In the case just cited the court of appeals held that the mother of certain infants, who upon the death of their father intestate had become their guardian in socage, and as such had the custody of their interest in certain real estate inherited from the father, had the right, for the protection of her dower interest, to purchase at a foreclosure sale of the real estate and take a deed in her own name. And here we think that James Gordon Bennett, for the protection of his personal interest in the real estate, had the right (having been previously authorized by the court) to make the purchase of the real estate in question; and as such he acquired a good and marketable title, which he subsequently conveyed to the plaintiffs' testator.

It follows that the judgment appealed from must be affirmed, with costs. All concur.