HANNAH A. CORBIN et al., as Executors of AUSTIN CORBIN, Deceased, Respondents, *v.* JOHN O. BAKER, Appellant.

PARTITION SALE — PURCHASE BY TRUSTEE. A valid title, which will support an action for the specific performance of a subsequent contract to purchase the property, is acquired by the purchase thereof at a partition sale by the plaintiff, who was the trustee of a half interest therein, where the judgment directing the sale contained a provision that any party to the action might become a purchaser, and the referee's report of the sale was confirmed by the court which directed a consummation thereof and adjudged the referee's deeds to be effectual to convey to such trustee the estate, right and title, legal or equitable, of all the parties to the action, and of the children born or unborn of the *cestui que trust*, upon a hearing of all the parties in interest on a full presentation of the facts, and the trustee had an interest to protect upon the sale in common with the *cestui que trust* and infant remaindermen by reason of his individual ownership of the other half of the property.

*Corbin* v. *Baker*, 56 App. Div. 35, affirmed.

(Argued March 29, 1901; decided May 14, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 12, 1900, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action is brought to enforce the specific performance by the defendant of his agreement to purchase certain premises in the city of New York and the defense is that the plaintiffs were unable to convey a marketable title. The premises were formerly a part of the property of James Gordon Bennett Sr., who died in 1872, leaving two children, James Gordon Bennett Jr. and Jeannette Bennett. By his last will and testament he devised one-half of his real estate absolutely to his son and the other half to his son, in trust for his sister Jeannette during her life; with remainder to her children living at her decease and the issue of any deceased child. James Gordon Bennett Jr., in 1881, brought an action against his sister, Jeannette, who had meanwhile intermarried with Isaac Bell, her husband and the two children of their marriage, as defendants, for the purpose of partitioning the real estate

which had been so devised to them. He sued, as plaintiff, in his individual capacity and as trustee. Mr. and Mrs. Bell appeared and answered, and a guardian *ad litem* was appointed for the infant defendants, Mrs. Bell's children, who appeared and answered for them. The referee, to whom it was referred to report upon title, etc., in his report, stated the provisions of the will of Mr. Bennett Sr., under which one-half of his real estate was devised to the plaintiff in partition, as trustee for the testator's daughter, and, also, stated, with fullness, respecting the trust which had devolved upon the plaintiff through these provisions and what were the interests of Mrs. Bell and of her two children in the premises, as life beneficiary and as remaindermen. The referee reported that the premises could not be actually partitioned without great prejudice to the interests of the parties ; for the reasons, among others, that a portion of the premises yielded no income and that the trusts affecting the property " interfered with the usual methods by which equality is produced." The referee, in his conclusions of law, further reported that one undivided half of the premises was held in fee by the plaintiff, individually, and that the other undivided half was held by the plaintiff as trustee under his father's will for his sister Mrs. Bell during her life, with remainder over, after her death, to her children then living and the issue of any deceased child. The guardian for the infants filed exceptions to the report of the referee, formally setting out their infancy and submitting their interests to the protection of the court. After a hearing, judgment was ordered overruling the exceptions, confirming the report and adjudging with respect to the title, or interests, of the parties in the premises, as reported upon by the referee. The judgment directed a sale to be had ; that upon the sale fifty per cent of the purchase money might be paid by the purchaser by his bond, secured by a purchase-money mortgage upon the property, and that " the said bond and mortgage may be held by the plaintiff as trustee, if he deem it advisable so to do, upon the trusts con-

17

tained in the will, and the codicil thereof, of James Gordon
Bennett deceased." It, also, contained a provision that "at
such sale any party to the action may become a purchaser."
After the sale was had by the referee, he reported that each
parcel was separately sold and that each was struck off to
James Gordon Bennett for certain sums stated, which were the
highest sums bidden. Judgment was, thereafter, entered upon
this report of the sale, adjudging that conveyances be made
to the purchaser and that bonds for fifty per cent of the net
purchase money, secured by mortgages upon the property sold,
should be executed and delivered to James Gordon Bennett, as
trustee under the last will and testament of James Gordon
Bennett deceased, to be held by him, as such trustee, upon the
trusts mentioned in the said will. The judgment contained
this provision, that the referee's deeds "shall be valid and
effectual forever and operate to convey to the grantee named
therein all the estate, interest, etc., as well of all and each of
the parties to this action as of the children born of the
body of the defendant Jeannette Bell * * * or here-
after to be so born in and to the premises described in
said deeds and each of them and said deeds and each of them
shall be a perpetual bar as well against all and each of the
parties to this action as against the children so to be born as
aforesaid," etc. Thereafter, the referee reported the execu-
tion and delivery to James Gordon Bennett, the purchaser,
of conveyances of the property sold and the receipt of bonds
and mortgages for fifty per cent of the purchase money, made
out to James Gordon Bennett, as trustee of the last will, etc.,
of James Gordon Bennett deceased; which he had delivered
to the said trustee, "to be by the said James Gordon Bennett
as such trustee held upon the trusts mentioned in the last will
and codicil thereto of James Gordon Bennett, deceased." In
1888, James Gordon Bennett Jr. conveyed the premises in
question to Austin Corbin, the plaintiffs' testator; who died
seized thereof in 1896.

The plaintiffs recovered a judgment at the Special Term,
adjudging the specific performance by the defendant of the

contract made between him and the plaintiffs for the purchase of the premises described in the complaint, and that judgment has been affirmed by the Appellate Division, in the first department. The defendant, further, appeals to this court.

*Charles E. Miller* for appellant. A purchase by a trustee of trust property is voidable at the instance of the *cestui que trust.* (*Fulton* v. *Whitney*, 66 N. Y. 548; *People* v. *O. B. of S. B. B. Co.*, 92 N. Y. 98; Lewin on Trusts & Trustees [2d Am. ed.], 394–398, 402; 1 Perry on Trusts, § 195; *Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Gardner* v. *Ogden*, 22 N. Y. 327; 1 Story's Eq. Juris. § 322; 2 Sugden on Vendors [6th Am. ed.], 362.) The only exception to this rule is when application is made to the court, and the court, after investigation and with full knowledge of the facts, permits the trustee to purchase. (*Gallatian* v. *Cunningham*, 8 Cow. 380; 2 Sugden on Vendors [6th Am. ed.], 376; *Davoue* v. *Fanning*, 2 Johns. Ch. 261; *Scholle* v. *Scholle*, 101 N. Y. 167.) Leave to Bennett, Jr., the trustee, to purchase cannot be implied from the provision in the interlocutory judgment authorizing any of the parties to the action to become a purchaser. (*Scholle* v. *Scholle*, 101 N. Y. 167; *Fulton* v. *Whitney*, 66 N. Y. 548; *People* v. *Merchants' Bank*, 35 Hun, 97; *Conger* v. *Ring*, 11 Barb. 356; *Torrey & Gilbert* v. *Bank of Orleans & Clark*, 9 Paige, 649; *Gallatian* v. *Cunningham*, 8 Cow. 377; *O'Donoghue* v. *Boies*, 159 N. Y. 87.) The order confirming the sale has no effect upon the rights of the *cestuis que trust*, as between themselves and the trustee. (*Fulton* v. *Whitney*, 66 N. Y. 548.) Knowledge by the court of the fact that the premises were purchased by the trustee, and intent to approve of such purchase, cannot be predicated upon the fact that it appears by the pleadings and the interlocutory judgment that the purchaser occupied the position of trustee. (*Fulton* v. *Whitney*, 66 N. Y. 548.)

*David McClure* and *William J. Kelly* for respondents. In a partition suit where the rights of all parties are spread

before the court, and it appears that one party largely interested, individually, is also a trustee for others, he may be authorized by the court to bid in his own behalf, under such safeguards as the court chooses to impose; and if, after a purchase by him is reported to the court, the court, with full knowledge that the trustee was the purchaser, confirms the sale and directs the master or referee to convey the property to the purchaser, upon the terms of sale being complied with, such an adjudication by the court is as conclusive upon all parties as though it had been made upon a special application for leave to bid. (*Blakeley* v. *Calder*, 15 N. Y. 617; *Croghan* v. *Livingston*, 17 N. Y. 218; *Woodhull* v. *Little*, 102 N. Y. 165; *Reed* v. *Reed*, 107 N. Y. 545; *Prior* v. *Prior*, 49 Hun, 502; *Webster* v. *K. C. T. Co.*, 62 N. Y. S. R. 112; *Strauss* v. *Bendheim*, 162 N. Y. 469; *Boyer* v. *East*, 161 N. Y. 580.)

GRAY, J. I think that this case is not within the operation of the rule, upon which the appellant relies, making a trustee's purchase of trust property voidable at the instance of the *cestui que trust*, unless permission for the purchase had been applied for and granted by the court. The rule has been long established and is founded upon the equitable doctrine that a person occupying a position of trust should *not* be allowed to become a purchaser of the trust property, because of the danger, in such a case, that the interests of the beneficiary might be prejudiced. In the conflict of self-interest, the temptation to abuse may become too strong to be resisted. It was to insure the absolute disinterestedness of a person sustaining the fiduciary relation, that the courts have repeatedly held that, in order to validate the purchase by a trustee of trust property, the right to make it must have been conferred upon him after a hearing of the parties interested. An interesting historical discussion of the doctrine, as recognized by the English Court of Chancery and, theretofore, in this state, was furnished by Chancellor KENT in *Davoue* v. *Fanning* (2 John. Ch. 252); where a sale by an executor was questioned,

with respect to his power to sell under the will and with respect to the purchase of the property for his wife, by arrangement with a third party. In *Fulton* v. *Whitney*, (66 N. Y. 548), the doctrine was again discussed and affirmed. There the sale was in foreclosure of a mortgage made by the testator. Trustees under his will were made parties to the action, with their beneficiaries. They purchased the mortgaged property at the sale for their own benefit and there being a deficiency judgment, they paid it, as executors of the will, out of the trust fund in their hands for the infant beneficiary. It was, very properly, held that they could not hold their purchase against the claim of their beneficiary. The rights and equities of the infant, as between her and her trustees, had been, in no form or manner, before the court and were not involved in the action. The case of *Scholle* v. *Scholle*, (101 N. Y. 167), was upon a motion to compel the purchasers at a partition sale to complete their purchase. The general rule was referred to in the opinion of the court and its general enforcement approved, without regard to the question of good faith, or adequacy of price. It was held that while the formal leave to buy, usually granted to the parties upon a foreclosure, or partition, sale, was insufficient to obviate the force of the rule, " where the trustee has an interest to protect by bidding at the sale of the trust property, and he makes special application to the court for permission to bid, which, upon the hearing of all the parties interested, is granted by the court, then he can make a purchase which is valid and binding upon all the parties interested, and under which he can obtain a perfect title." The trustees in that case had been granted permission to buy, upon their application made before the sale, and their title was held to be unassailable, then or thereafter. It is contended by this appellant, under the case of *Scholle* v. *Scholle*, that the proceedings in the present action were inefficacious to create a perfect title in Bennett; inasmuch as no permission had been granted to him to purchase and it cannot be implied from the judgment of sale.

The effect of the decision in *Scholle* v. *Scholle* was the reaffirmation of the rule that a trustee may not become a purchaser of the trust property, in his own behalf; with the qualification that the court might, in a proper case, upon a consideration of the facts, authorize the purchase. In effect, the decision holds that the power resides in the court to relieve from the rule. This is, and must always have been, true. The court might divest the trustee of his trust, in order that he might be free to act, as it was suggested in one of the earlier cases, (*De Caters* v. *Le Ray De Chaumont*, 3 Paige, 178); or it might, after a hearing of the matter, empower him to buy, or confirm the purchase made. In *Scholle* v. *Scholle* authority to buy was sought prior to the sale; but the same power which could authorize, could confirm and the question, in a given case, is whether it was, in fact, exercised. The rule is one which was adopted by courts of equity for their governance and in ordinary cases must be controlling; but, if the court appears to have exercised, or, necessarily, must have exercised, its power in confirmation of a trustee's act, upon a hearing, its action is conclusive. I think that was this case and that, although Bennett made no application to be authorized to buy at the partition sale, the proceedings subsequent to the sale were, necessarily, such as to present the question of the validity of his purchase to the court; which, having jurisdiction of the parties and of all interests, might confirm, or not. The final decree, which confirmed the sale and directed the conveyances by the referee to the purchaser, was rendered upon his report showing the facts and a hearing thereupon.

There was nothing to conceal from the court the situation. Bennett, as plaintiff in the partition suit, suing as an individual and as a trustee, against his sister, the beneficiary of the trust, and her children, the remaindermen, sole defendants, asks for the partition, or the sale, of the real estate devised to them by their father's will. The sale is ordered; the plaintiff was the highest bidder for the property and the sale is reported by the referee to the court; which, thereupon, directs

its consummation by the referee and that the grantee be let into possession and adjudges that the referee's deeds shall be effectual to convey to him the estate, right, title, etc., both legal and equitable, of all the parties to the action, and of the children born, or thereafter to be born, of the defendant beneficiary, Jeannette Bell. I entertain no doubt as to the efficacy of this final decree to confer a perfect title upon Bennett, the purchaser. He had a common interest with the defendants to protect upon the sale; the proceedings after the sale presented a single question upon the facts and were upon a hearing of all the parties, and the court will be presumed to have acted consciously in confirming the purchase by the trustee. Having acted, with determinative power, upon the very question, quite as valid a title was acquired by the trustee in this case, as was acquired by the trustees in *Scholle* v. *Scholle*, in purchasing upon the permission given.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.