(77 App. Div. 155.)

## In re TREDWELL'S ESTATE.

### TREDWELL v. NICHOLS et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. EXECUTORS—DECEASE—REVIVING ACCOUNTING—NOTICE.

    Code Civ. Proc. § 2606, as amended by Laws 1902, c. 349, provides that, on the death of any executor during the pendency of an accounting by or against him before a surrogate's court, such court may revive the proceedings against his executor. T.'s executor, N., died during the pendency of an accounting. The proceedings were dropped, and other proceedings, in which all interested were made parties, were instituted before the surrogate by T.'s administrator with the will annexed, to compel an accounting by N.'s executors. During the pendency of these proceedings N.'s executors obtained from the surrogate an ex parte order reviving the old accounting by N., and requiring the issuance of a citation requiring all interested to attend such settlement. *Held,* that such order was unauthorized, except on notice to all interested of the application therefor.

2. SAME—APPEARANCE—CITATION.

    An appearance of all the parties interested, in response to the citation, was not sufficient to authorize another order reviving the old accounting, since they were entitled to notice of the application for any such order before its issuance.

3. SAME—MOTION.

    T.'s administrator with the will annexed made a motion to vacate the order reviving the old accounting. *Held,* that an appearance in support of his motion was not sufficient to authorize another order reviving the old accounting, since he was entitled to notice of the application for any such order before its issuance.

Appeal from surrogate's court, New York county.

Final accounting of Effingham H. Nichols as executor of Seabury Tredwell, deceased. From an order reviving the accounting after the death of the executor, Samuel Lenox Tredwell, individually, as trustee, and as administrator with the will annexed of Seabury Tredwell, deceased, appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Thomas A. McKennell, for appellant.

J. Tredwell Richards, for respondents.

INGRAHAM, J. The facts that are necessary to determine the legal questions presented upon this appeal are as follows. Seabury Tredwell died in the year 1865. His will was duly admitted to probate on the 17th day of April, 1865, and letters testamentary were thereupon issued to Effingham H. Nichols, one of the executors named therein, on the 17th day of April, 1865. The executor seems to have filed several accounts; the last and final account having been filed on the 27th day of June, 1895, when, upon the petition of the executor, all of the parties interested were cited to appear in the proceeding. Objections to the accounts were duly filed, and on the 8th day of August, 1895, an order was entered referring the accounts to a referee. This reference proceeded before the referee, a large amount of testimony was taken, and the question submitted to him.

Before the referee had made and filed his report, and about the 4th day of November, 1899, Effingham H. Nichols, the executor, died, leaving a last will and testament appointing the respondents executors. The proceedings upon this accounting then appear to have been dropped, and subsequently letters with the will annexed, upon the estate of Seabury Tredwell, were issued to the appellant, Samuel Lenox Tredwell. As such administrator with the will annexed, as trustee under the last will and testament of Seabury Tredwell, and individually, he presented an application to the surrogate, asking that the executors of the last will and testament of Effingham H. Nichols, the deceased executor of Seabury Tredwell, be required to account for the acts and proceedings of the said Effingham H. Nichols as executor of the last will and testament of Seabury Tredwell, deceased; and in pursuance of that application, upon notice to the executors of Effingham H. Nichols, deceased, and all the parties interested in the estate, on the 25th day of March, 1902, after hearing the attorneys for the executors and others who appeared, a decree was entered whereby it was ordered, adjudged, and decreed that Susan W. Nichols and others, as executors of the last will and testament of the said Effingham H. Nichols, deceased, "do, on or before the 18th day of April, 1902, make, render, and file in the office of the clerk of this court an account of the proceedings of the said Effingham H. Nichols as executor of the last will and testament of Seabury Tredwell, deceased, for the purpose of having the said account judicially settled." Subsequently a motion was made by the executors of Effingham H. Nichols to vacate this decree, which motion was denied, and an order entered on the 9th of June, 1902; and from these orders no appeal seems to have been taken. On the 11th day of June, 1902, one of the executors of the last will and testament of Effingham H. Nichols, the deceased executor of Seabury Tredwell, filed in the office of the surrogate's court an account of the proceedings of the said Nichols as such executor, as required by the decree of March 25, 1902; and on the 18th day of June, 1902, objections to such account were duly filed in the surrogate's court by the appellant, individually, as trustee, and as administrator with the will annexed of Seabury Tredwell, deceased, and an order was subsequently entered referring the said account and the said objections to a referee. On the 16th day of April, 1902, however, the executors of Nichols, who were the executors of Seabury Tredwell, had presented a petition to the surrogate's court setting up the institution of the accounting by Nichols as executor of Seabury Tredwell, and the death of Nichols, and upon that petition obtained from the surrogate an ex parte order which revived the said proceedings instituted by Nichols, the deceased executor of the last will and testament of Seabury Tredwell, deceased, for a final accounting, so that the court could proceed with such accounting, and determine all questions and grant any relief that it would have power to determine or grant in case such decedent had not died, and could judicially settle the accounts so filed, and directing the issuance of a citation requiring all parties interested in the estate to attend such settlement of the accounts. Subsequently, on the 13th day of May,

1902, the appellant, individually, as trustee, and as administrator with the will annexed of Seabury Tredwell, made a motion to vacate the order of April 16, 1902, and also to punish the said executors of Nichols for a contempt of court, in having failed and neglected to file the accounts of the said Nichols as executor of the said Seabury Tredwell. That motion came on to be heard, and the surrogate seems to have held that the order reviving the proceedings should not have been granted ex parte, but should have awaited the return of the citations, but that, all the parties then being before the court, the order of revival could then be granted, and that for that reason the ex parte order of April 16, 1902, should not be vacated; and thereupon an order was entered reciting all of the proceedings, and after hearing counsel for Samuel Lenox Tredwell, individually, as trustee, and as administrator with the will annexed, in support of the motion to vacate the order of April 16, 1902, reviving the proceedings, and in opposition to such citation issued pursuant to such order, and on motion of J. Tredwell Richards, attorney for the said executors of said Nichols, the motion to vacate the order reviving the proceedings was denied; and it was further ordered that the said proceedings for an accounting commenced by Nichols, as such executor and trustee, on the 27th day of June, 1865, be, and the same were, revived against his executors, and that the said accounting proceed.

We think that the court below should have granted the motion to vacate this ex parte order reviving these proceedings. When the application for this order of April 16, 1902, was made, the appellant had presented an application to the court, and obtained an order upon notice to the executors of Nichols to render an account of Nichols' proceedings as executor of Tredwell, deceased. All the parties interested in the estate were by that proceeding before the court, and were entitled to notice of any application to revive a proceeding which had abated by the death of the executor who had instituted the proceeding for an accounting. Whether or not that proceeding should be revived was a judicial question, to be determined by the surrogate, and whether or not the court had power to revive the proceeding was a question not free from doubt. The proceeding for an accounting had abated in the year 1899, at which time there was no authority for reviving such a proceeding that had abated by the death of the accounting party. In the year 1901, by an amendment to section 2606 of the Code of Civil Procedure, a provision was inserted that:

"On the death of any executor, administrator, guardian, or testamentary trustee, while an accounting by or against him as such was or is pending before a surrogate's court, such court may revive said proceeding against his executor, administrator or successor, and proceed with such accounting and determine all questions and grant any relief that the surrogate would have power to determine or grant in case such decedent had not died."

This provision was not retroactive, and would not have authorized the revival of a proceeding that had abated prior to its passage. By an amendment of this section in 1902 (Laws 1902, c. 349), it was made to read, "On the death heretofore or hereafter of any execu-

tor," etc. So the surrogate's court undoubtedly had power, when the ex parte application was made, to revive the proceeding, unless this provision is subject to the constitutional objection which is insisted upon by the appellant. But before such relief could be given, the administrator with the will annexed of the testator, and all those who were parties to the proceeding that had abated, were entitled to notice of the application; and this is especially so in this case, as, prior to the time the application for this ex parte order was made, a proceeding on notice to the representatives of the deceased executor to compel an accounting had been commenced and was then pending. The learned surrogate recognized that this application was improperly made ex parte, but, upon the return of the citation required by the ex parte order, granted an order reviving the proceeding. But we do not think that that can be sustained, because the citations that had been issued and served upon those interested in the estate did not require these persons to show cause why the proceeding should not be revived. The order reviving the proceeding was absolute, and the citations only required an attendance on the accounting. The parties to the proceeding were not given notice that on the return of this citation an application would be made to revive the proceeding, and it was this notice that they were entitled to before the surrogate should grant an order reviving it. It is true that this appellant, who alone appeals from the order denying the motion to vacate this ex parte order of April 16, 1902, attended and was heard on that motion; but the motion that he was heard upon was his motion to vacate the ex parte order. No notice seems to have been given to him that an application would then be made to the surrogate to revive the proceeding. The parties were before the court on the motion to vacate the ex parte order, and he was not there to be heard upon an application to revive the proceeding. The appellant had moved to vacate the ex parte order reviving the proceeding,—an order that had been irregularly granted; and it was error to turn that application to vacate that order into one to revive the proceeding, and then grant that motion, when no notice of an application for such relief had been given to him or to others interested in the estate.

For this reason, without passing upon the other questions presented, we think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the ex parte order of April 16, 1902, granted, with $10 costs. All concur.