---

(85 App. Div. 570.)

### In re TREADWELL'S ESTATE.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. EXECUTORS—ACCOUNTING—REVIVOR—PREVIOUS INDEPENDENT PROCEEDINGS—RES JUDICATA.

Where an administrator de bonis non has secured, in independent proceedings against the executors of his predecessor, an order for an accounting, all persons interested being before the court, it is conclusive of the right of such executors to revive an accounting by their testator pending at his death, they having had the opportunity to litigate, in the independent proceedings, the right to such revivor.

Appeal from Surrogate's Court, New York County.

Proceedings by Adelaide L. Richards and others, executors of the last will and testament of Effingham H. Nichols, deceased, for the revivor of an accounting by their testator, as executor of the last will and testament of Seabury Treadwell, deceased, in which Samuel Lenes Treadwell, administrator de bonis non of the estate of Seabury Treadwell, files an answer. From an order of revivor, Samuel L. Treadwell appeals. Reversed.

See 75 N. Y. Supp. 1058.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Thomas Abbott McKennell, for appellant.
William F. McCombs, Jr., for respondent.

HATCH, J. The will of Seabury Treadwell was admitted to probate in the year 1865, and letters testamentary thereunder were duly issued to Effingham H. Nichols. Several accounts were filed by the executor, the last of which was filed June 27, 1895. Objections were

interposed thereto, and the matter was referred to a referee to hear the proof and report thereon. Several hearings were had, briefs were submitted by the opposing counsel, and the case was closed; but Mr. Nichols died before the referee made any report, and for that reason no report has ever been filed. Nichols died testate on the 4th day of April, 1899. His will was probated, and letters testamentary were duly issued to the executors named therein. The appellant herein, the son of Seabury Treadwell, was appointed administrator de bonis non with the will annexed of his father's estate on December 6, 1900, and on the 23d day of January, 1902, commenced a proceeding to compel the executors of the Nichols estate to make an accounting of the proceedings of their testator, as executor of the will of Seabury Treadwell. All parties in interest, including the respondent, were duly cited to appear, and on the 25th day of March, 1902, an order was made by the Surrogate's Court directing the filing of the account prayed for on or before April 18, 1902. On the 16th day of April, two days before the time to file the account by the Nichols executors had expired, their attorney obtained from the surrogate an ex parte order reviving the proceedings of the accounting of Effingham H. Nichols in 1895. Upon the entry of the ex parte order of revivor, the Nichols executors moved to vacate the order compelling them to account, and thereupon the appellant moved to vacate the ex parte order of revivor. The Nichols motion was denied by the surrogate; but, nevertheless, the Nichols executors continued to prosecute their order of revivor, and the appellant's motion to vacate such order was denied by an order, dated July 1st, which sustained the same. On June 11, 1902, the Nichols executor filed the account as directed, objections were filed thereto, and the matter was duly sent to a referee to take the proofs. An appeal was taken to this court from the order of July 1st sustaining the order of revivor, and such order was reversed on the ground that it should not have been granted ex parte, but that the parties in interest should have received due notice. 77 App. Div. 155, 79 N. Y. Supp. 83. Thereafter, and on January 27, 1903, the respondent filed a petition praying that the accounting proceeding commenced by Effingham H. Nichols in 1895 be revived, all parties in interest were cited to appear, and on the return day of the citation the appellant appeared and filed an answer, in which he pleaded that by the order of March 25, 1902, directing the new accounting by the Nichols executors, and the filing of an account therein, the question of the revivor of the prior accounting became res adjudicata, and he also challenged the constitutionality of the law under which the proceeding of revivor was instituted. The surrogate granted the application, and from the order entered thereon this appeal is taken.

At the time when the order for the accounting by the executors of Nichols was granted, all of the parties interested, including this respondent, were before the court, and had an opportunity to be heard thereon. The petition in that proceeding averred all of the facts showing the accounting of Nichols during his lifetime, and also the proceedings which had abated by reason of his death. It was quite competent for the court at that time to have revived such account-

ing, assuming that it was authorized to make such order under the existing statute, and any of the parties to the proceeding then had it within their power to apply for such revivor, and the question could then have been raised, litigated, and determined. No such question was raised, and the court, after hearing the respective parties, made its order, which directed the executors to file a new account, and all of the parties then before the court acquiesced therein. The court was not asked to consider either the merits or the law in respect to the subject-matter to which the order now before the court relates. As the right of revivor was presented to the court in that proceeding, and could have been urged and litigated therein, and was clearly within the issue presented, the determination of the court with respect to the subject-matter then before it must be regarded as so far res adjudicata; that the court ought not now to entertain the application, even though it had the power so to do. In the leading case of Pray v. Hegeman, 98 N. Y. 351, it was held that the estoppel of a former judgment exists as to every material matter within the issue which was expressly litigated and determined, and also to those matters which, though not expressly determined, are apprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. The rule announced in that case has been uniformly followed and applied since, as well as before. Stokes v. Foote, 172 N. Y. 327, 65 N. E. 176. If this proceeding and the order entered thereon should be regarded as subject to the same rules which apply to a judgment, it is clear that the adjudication by the court would operate as an estoppel upon the party thereto, who might have presented the question which is involved in the present order, for therein not only were the issues presented upon which a determination could be had of such question, but such conclusion would have been binding upon the party so long as it stood unreversed. Earle v. Earle, 173 N. Y. 481, 66 N. E. 398. It is said, however, that the doctrine of res adjudicata does not apply to adjudications upon motions as strictly as it does to adjudication by judgments, and the courts have so decided. Riggs v. Pursell, 74 N. Y. 370; Dutton v. Smith, 10 App. Div. 566, 42 N. Y. Supp. 80. But where the order which has been made settles the rights of the parties with respect to the subject-matter, and decisively provides for the course of procedure in the given case, it is usually regarded as conclusive. Matter of Gall, 40 App. Div. 114, 57 N. Y. Supp. 835. And while, doubtless, it is true that orders do not partake of that finality which attaches to judgments (Webb v. Buckelew, 82 N. Y. 555), yet, even though they be not strictly res adjudicata, they are so far final and conclusive that when they are sought to be disturbed it must be upon new facts or matters outside of the scope of the issues presented and litigated, or which might have been, and it should appear that in some form the rights of a particular party or parties have been prejudiced. In the present case the accounting which has been ordered involves a rehearing of the matters which were involved in the proceeding that has abated. All of the rights of the parties were fixed, determined, and protected by the order which directed the Nichols executors to account. That accounting

is of the same matters as would be the accounting if revivor be had of the abated proceeding. The order of March 25th requires an accounting of the whole subject-matter, and as the parties were all before the court when that order was made and acquiesced therein, and such order is now in process of execution, we think that it should be permitted to stand, and no interference be had with such proceeding by injecting therein the abated proceeding, even though such order be not regarded as strictly res adjudicata. We therefore conclude that the order appealed from should be reversed. This view of the matter renders unnecessary a consideration of the constitutional question presented upon the appeal.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.