### JEFFERSON v. BANGS et al. (No. 128/44.)

(Supreme Court, Appellate Division, Third Department. July 1, 1915.)

1. VENDOR AND PURCHASER ⬳238—BONA FIDE PURCHASERS—CONVEYANCE TO PURCHASER WITH NOTICE.

Where a purchaser of land had no notice of the rights of a third party, and was therefore a holder of a valid deed, his conveyance was sound, even though his grantee had notice.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 580–582; Dec. Dig. ⬳238.]

2. VENDOR AND PURCHASER ⬳231—BONA FIDE PURCHASERS—RECORDS AS NOTICE.

An owner of land subject to a mortgage, who died in 1856, devised one-third thereof to his widow for life and two-thirds to K. for life, with remainder to K.'s daughter. K. purchased the mortgage, foreclosed, and became the purchaser, and in 1872 conveyed to H. by warranty deed. The property was subsequently conveyed to purchasers without actual notice of the rights of K.'s daughter, and they took possession and made extensive improvements. The widow died in 1901, and K. in 1904. The daughter was 24 years old when her father conveyed to H., and lived with her parents on the farm for several years afterwards, and must have been entirely familiar with the transactions. *Held*, that as the will was

recorded only in the surrogate's office, and not in the office of the county clerk, as authorized by Laws 1846, c. 182, and Laws 1869, c. 748, it was not notice to subsequent purchasers of the daughter's rights in the land; the recording acts having always made every conveyance not recorded in the county clerk's office void as against subsequent purchasers of the record title in good faith.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 43, 55, 487, 513–539; Dec. Dig. ☜231.]

3. REMAINDERS ☜17—RIGHTS OF REMAINDERMEN—LACHES.

There was no equity in the daughter's claim to the land, as she had been guilty of gross laches, even though limitations had not run against her.

[Ed. Note.—For other cases, see Remainders, Cent. Dig. §§ 12–17; Dec. Dig. ☜17.]

Appeal from Trial Term, Tompkins County.

Action by Lucy A. Jefferson against Loren B. Bangs and others. From a judgment upon a decision of the trial court dismissing the plaintiff's complaint upon the merits and for $407.50 costs (144 N. Y. Supp. 1054), plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

J. J. McGuire, of Ithaca, for appellant.
Rowland L. Davis, of Cortland, for respondents.

HOWARD, J. William King died in 1856. At the time of his death he was seised in fee of a farm of 76 acres of land, the subject of this controversy. The farm was covered by a purchase-money mortgage for $1,510. King left a will by which he gave the use of one-third of his farm to his wife during her life, and the use of the other two-thirds to Hastings A. King, whom he styled his adopted son, but who was, in fact, neither an adopted son nor a relative. He devised the fee of his real estate to Lucy Ann King (now Lucy Ann Jefferson), a daughter of Hastings A. King. She is now the plaintiff in this action. This devise, however, was subject to the two life estates previously mentioned. In 1857 Hastings A. King purchased the mortgage. Hannah King, the widow of William King, died in 1860. In 1861 Hastings A. King foreclosed, by advertisement, the mortgage. On the foreclosure sale Hastings A. King bid in the property; the purchase price being $1,200, and that being less than the amount due on the mortgage. All the time subsequent to the death of William King, Hastings A. King and his wife and daughter, the plaintiff herein, continued in possession of the farm. In 1872 King and his wife conveyed the farm to Rufus Hammond by warranty deed. At that time Hammond held a $700 mortgage on the property, and it was stipulated in the deed from King to Hammond that Hammond's title in the mortgage was not to merge in the deed. Hammond gave a land contract back to King, but this contract was never recorded, and was surrendered and canceled in 1875. In 1885 Hammond conveyed the premises to the defendant Frederick E. Bangs, who assumed the payment and who did subsequently pay a mortgage of $2,000 then covering the premises.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bangs took possession of the property and made extensive improvements. In 1901 Bangs sold the property by warranty deed to his brother, Loren B. Bangs, one of the defendants herein. All the deeds, mortgages, assignments, discharges, and conveyances mentioned above, with the exception of the land contract, were duly recorded in the Tompkins county clerk's office. The wife of Hastings A. King died in 1901, and Hastings A. King died in 1904. The plaintiff was born in 1848, so that in 1872, at the time when her father deeded the farm to Hammond, she was about 24 years old. She continued to live with her parents on the farm for several years afterwards—that is, until she was 29 years old—and must have been entirely familiar with the transactions up to the time when she left the farm in 1877.

The case has been tried before, and a judgment was rendered at the first trial for the defendants. An appeal was taken to the Court of Appeals, where the judgment was reversed, and the case sent back for a new trial. In the Court of Appeals it was determined that the foreclosure procedure was regular and lawful; but the defendants had succeeded in the court below on the theory that the statute of limitations had run against the plaintiff, and the Court of Appeals held against the defendants on this issue. As to whether the foreclosure deed was void, or only voidable, the court said:

"The mortgagee [Hastings A. King] was her guardian in socage, but this did not render the purchase by him absolutely void. Boyer v. East, 161 N. Y. 580 [56 N. E. 114, 76 Am. St. Rep. 290]. But the mortgagee was also the life tenant, bound to discharge the interest on the mortgage. While the purchase was not void, it was, undoubtedly, by reason of the trust relation the mortgagee bore to the plaintiff, voidable at her election, and so the trial court held."

It was thus determined, as the above quotation discloses, that the title taken by Hastings A. King upon the foreclosure sale was not void, but only voidable. That question, therefore, is settled and out of this appeal. The title taken by Hastings A. King being voidable, it might have been rendered void under certain conditions, or valid under certain conditions. Are the circumstances such that it has been rendered valid? Had the plaintiff proceeded against her father while he yet held the title, there is no doubt that the courts would have declared the voidable deed void. Or had she proceeded against Hammond, if he had notice of her rights under the will, the deed would have been declared void. But now men who claim to be innocent purchasers, relying upon the recording acts, present themselves to the court. Do the circumstances surrounding their purchase protect them and render valid and sound this deed, which, in its inception, was voidable?

[1] Without repeating the language of the recording acts, or quoting from the numerous decisions construing them, it may be assumed here, as it appears to have been assumed by the attorneys at the trial, that it is the settled law of the state that when a bona fide purchaser of real estate, the record title of which is clear, purchases for a valuable consideration, without notice of a prior unrecorded title or claim or equity, his title takes precedence over the unrecorded interest. In other words, applying the elementary law of the state to the facts of

this case, if the defendant Frederick E. Bangs was a purchaser in good faith under an uninterrupted record title, coming down from the foreclosure sale, for a valuable consideration, without any notice of the rights of the plaintiff under the will of William King, his title takes precedence over hers, and bars her recovery in this action. Therefore the only question to determine here is whether the defendant Frederick E. Bangs had notice; for if he had no notice, and was the holder of a valid deed, his conveyance to Loren B. Bangs was sound, even if the latter had notice. Ward v. Isbill, 73 Hun, 550, 26 N. Y. Supp. 141. The trial court has found as a fact that Frederick E. Bangs had no actual notice, and a careful examination of the record shows that the evidence supporting this finding is abundant and convincing.

[2] Having concluded that the trial term was right in holding that there was no actual notice, we have now only to determine whether there was constructive notice. The plaintiff urges that there was constructive notice, and that this arose from the fact that the will of William King, under which the plaintiff claims, was on file and was recorded in the surrogate's office of Tompkins county. The recording acts have always said that every conveyance not recorded in the county clerk's office should be void against subsequent purchasers of the record title in good faith for a valuable consideration; that is, purchasers in good faith have never been required to search in the surrogate's office for wills affecting real estate, and therefore wills and other documents lodged or recorded in the surrogate's office have never been constructive notice to purchasers. A will is not a conveyance within the definitions of the recording acts; but as early as 1846 wills of real estate were authorized to be recorded in county clerk's offices, and this was to give notice to would-be purchasers of the interest devised by the will. The plaintiff might have given notice to the defendants and to the world, and have protected herself against the claims of innocent purchasers, by recording the will in the county clerk's office. Chapter 182, Laws 1846; chapter 748, Laws 1869. But she failed to observe the law, and now the rights of an innocent purchaser is intervening.

But in addition to the recording acts the Court of Appeals has expressed itself. In Taylor v. Millard, 118 N. Y. 244, 23 N. E. 376, 6 L. R. A. 667, two brothers, John and Elijah Millard, were tenants in common of a farm. They made an oral partition; John taking 100 acres, and Elijah taking 70 acres, but Elijah reserving a right to pick one-half the apples on the land of John. Subsequently Elijah died, bequeathing this apple right to his son, Elijah I. The two parcels were conveyed by deed from time to time, but in none of the deeds was the apple right mentioned, although it was mentioned in the will of Elijah, which was proved, filed, and recorded in the surrogate's office. One of the subsequent purchasers of the 70 acres, exercising her supposed rights under the will, attempted to pick apples on the 100-acre lot. This resulted in an action for trespass. In the opinion, written by Judge Vann, he says:

"The will of Elijah Millard was not constructive notice to the plaintiff, because, aside from any other question, it was not recorded in the county clerk's office, but in the surrogate's office only."

In Dunn v. City of New York, 205 N. Y. 342, 98 N. E. 914, it was said:

"* * * It need only be observed that constructive notice from a record depends altogether upon whether it is provided for by some statute. Official files, in the absence of a statutory provision, carry no notice to the public."

See, also, Davidson v. Crooks, 45 App. Div. 616, 61 N. Y. Supp. 362.

In the records which the statute required the defendant to search there was no sign or intimation of the existence of the plaintiff's claim. The record in the county clerk's office showed the title to be clear and perfect. That was the record on which the law permitted the defendant to rely. This being so, no other record could give him constructive notice.

On the previous trial it was found as a fact that the defendants Bangs were not purchasers in good faith, but that each of them had actual notice of the plaintiff's claim. The Court of Appeals being bound by this finding of fact, and having determined as a question of law that the plaintiff had not slept on her rights, it followed that the deed remained voidable. But the finding of fact before us being to the effect that Frederick E. Bangs had no actual notice, and the law being that he has no constructive notice, it follows that the voidable deed has been rendered valid by the laws which protect innocent purchasers.

[3] There is no equity in the plaintiff's position. She has been guilty of gross laches in several particulars, even though the statute of limitations has not run against her. The judgment dismissing her complaint should be affirmed.

Judgment unanimously affirmed, with costs. All concur; SMITH, P. J., in result.