HATTIE HUNT, Respondent, *v.* MARY JANE WICKHAM and Others, Appellants.

Second Department, July 22, 1921.

Wills — bequest to daughter for life and then to "child or children" — remainders vested on death of life tenant — sole surviving child of life tenant takes estate on death of life tenant — grandchildren do not share.

Under a will devising property to the testator's daughter, "All to be subject to her exclusive management and control for and during the period of her natural life and then to her child or children, or, if she leaves no child or children, that the property is to be divided equally" between others, the remainders vested only upon the death of the life tenant, and, therefore,

the sole surviving child of the life tenant takes the estate on the death of
the life tenant and nothing passed to the other children of the life tenant
who were living at the time of the death of the testator but who died
before the life tenant, and so nothing passes to children of the deceased
children of the life tenant.

BLACKMAR, P. J., dissents, with memorandum.

APPEAL by the defendants, Mary Jane Wickham and
others, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of
Orange on the 2d day of December, 1920, upon the decision
of the court rendered after a trial at the Orange Special Term.

This action was to obtain a construction of the following
paragraph of the will of Joseph M. Elston, deceased, of
Minisink, Orange county:

" *Third.* I give and bequeath to my daughter, Mary Jane,
wife of Abraham Wickham, the farm on which she now
resides lying partly in the Township of Minisink and partly
in the Township of Greenville, County and State aforesaid,
with the appurtenances thereunto belonging and the rents,
issues and profits thereof. All to be subject to her exclusive
management and control for and during the period of her
natural life and then to her child or children, or, if she leaves
no child or children, then the property to be divided equally
between the heirs of Jesse Elston, my son, and Lewis A.
Elston, grandson, whose names are in this Will."

The court decreed plaintiff to be entitled to the sole owner-
ship of the property.

*Edward P. Jones* [*Samuel M. Cuddeback* with him on the
brief], for the appellants.

*William A. Feuchs* [*Frank Lybolt* with him on the brief],
for the respondent.

PUTNAM, J.:

Here was a life estate with active control in Mrs. Wickham,
" and then to her child or children," with a gift in substitution
" if she leaves no child or children." The children's names
are not given.

The testator died April, 1877, leaving Mary J. Wickham,
the life tenant, and her brother, Jesse Elston. Mary J.

Wickham then had six children, including Hattie Hunt, this plaintiff, and a son, William E. Wickham, husband of Mary Jane Wickham, and father of defendants Emma Ford and Charles L. Wickham. Her other four children survived the testator but died in infancy.

Abraham Wickham, the son-in-law of the testator, died in February, 1894.

The life tenant's son, William E. Wickham, died November 15, 1916 (predeceasing his mother, the life tenant), leaving a will which purported to give his residuary estate to his wife and children (the defendants above named) in equal shares.

Mary J. Wickham, the life tenant, died April 23, 1919, leaving her daughter Hattie Hunt, plaintiff, and her grandchildren, Emma Ford and Charles L. Wickham, and the defendant Mary Jane Wickham.

The primary question is whether William E. Wickham had a vested remainder in one-half of this property, which he could devise by will. Or, in other words, did the remainders to Mary Wickham's "child or children" become vested in them on the death of the testator? If so, were such remainders to the "child or children" of Mary J. Wickham subject to be divested by their death or deaths before that of the life tenant?

According to appellants' contention, these interests immediately vested in the infant grandchildren of the testator. There is neither a clause of survivorship among the children, nor a limitation to such as shall attain the age of twenty-one. Hence on appellants' theory, when these four infants respectively died, their interests passed to their mother, for her life, with a reversion to the surviving brother and sister. (1 R. S. 752, § 6; Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 285; Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 85.) Such a vesting of these fractional interests of the minor children cannot be deemed the testator's intent. (*Hedges* v. *Harpur*, 3 De Gex & Jones, 129, 142.)

On the other hand, the provision as to leaving children is held not only to call for the birth of such children, but requires that they should outlive the life tenant. Hence such as die before the life tenant's death have no descendible or devisable interest. (*Thicknesse* v. *Liege*, 3 Brown Parl. Cas.

365; Fearne's Posthumous Works, 250, 253; *Purdy* v. *Hayt,* 92 N. Y. 446.) The further contention that the words " child or children " may be read to include grandchildren, is refuted by a long line of authorities. (*Matter of Pulis,* 220 N. Y. 196.)

The will must, therefore, be construed to give this estate to plaintiff, as only surviving child of the life tenant, as such interests vested only upon the death of Mary Jane Wickham, so that plaintiff is now entitled to the sole and exclusive ownership thereof.

The judgment should, therefore, be affirmed, with costs of this appeal payable out of the estate.

RICH, KELLY and JAYCOX, JJ., concur; BLACKMAR, P. J., reads for reversal.

BLACKMAR, P. J. (dissenting):

The more I study the words of this will, without being confused by matter which has been written with respect to wills of different wording and different import, the more it seems to me that it is not consistent with the will of the testator that the children of her grandson, William Edgar, should be excluded from participation in the estate.

Reducing the 3d clause of the will to the plainest terms, it reads as follows: " I give to my daughter, Mary Jane, the farm on which she now lives for and during the period of her natural life, and then to her child or children." If we stop right here, we find a vested remainder in the child or children of the life beneficiary. And I find nothing else in the will to deprive them of this vested right. The will then proceeds: " or, if she leaves no child or children, then the property to be divided equally between the heirs of Jesse Elston, my son, and Lewis A. Elston, grandson." But this contingency has never happened, and, therefore, the gift over never took effect. I think the true construction of the will is that there is a vested remainder in the child or children of Mary Jane, subject to be divested in the event that she leaves no child or children; but as this contingency never happened, the remainder was never divested.

Judgment affirmed, with costs to all parties who have appeared payable out of the estate.