MARY BARBER and Others, Respondents, v. WILLIAM H. ROWE, JR., and Others, Appellants, Impleaded with JOHN HAYES and ELMER E. BELDEN, as Trustee, Defendants.

Third Department, March 8, 1922.

Appeal — order overruling demurrer not mentioned in notice of appeal from judgment not reviewable on appeal — denial of motion at trial to dismiss complaint on same grounds as raised by demurrer cannot indirectly allow such review — order overruling demurrer not reviewed stands as law of case — order not reviewed conclusive as if reviewed and affirmed — pleadings — complaint in action to have legacy made lien on farm sufficient — such action may be brought without prior demand for payment — records — vendor and purchaser — purchaser, at his peril, must examine all deeds or wills referred to upon which title is based although same may not be regularly recorded — executors and administrators — son, sole surviving next of kin, may bring action to enforce interest descended from mother without intervention of her administrator where all claims against mother's estate barred — wills — omission of testator to mention children of legatee does not affect descendible quality of bequest.

Under the Code of Civil Procedure an order overruling a demurrer cannot be reviewed upon appeal from the judgment entered in the action where it was not appealed from and the notice of appeal does not specify that the appellants intend to review it upon the appeal. The fact that a motion was made at the trial to dismiss the complaint on certain of the grounds covered by the demurrer, which motion was denied, cannot indirectly permit the review of the order overruling the demurrer. Such order, since it cannot be reviewed, stands as the law of the case on all questions which might have been litigated, for an order is as conclusive when not reviewed as if reviewed and affirmed.

The complaint in an action to have a legacy declared a lien upon the farm of a testator, whose will provided that such legacy should be a charge upon the farm, should be liberally construed, and where it seems to allege the testator's title at the time of his death, and the defendants are not in a position to dispute such title, as their title came to them under his will, it is sufficient on that point. Under the rule of liberal construction, the complaint sufficiently alleges non-payment of the legacy where non-payment may be implied from the facts set forth.

An action to enforce the lien of a legacy upon a farm may be brought without prior demand for payment from any person as no person is liable for the payment of the legacy, it being payable out of the farm.

Owners of record of a farm, who trace their title through a purchaser at a sale upon the foreclosure of a mortgage given by a son of a testator, who, by his will, made a legacy a charge upon the farm, which will was expressly referred to in the mortgage as the source of the mortgagor's title, come within the rule that all deeds or wills referred to upon which title is based must be examined as to any facts they may contain, and a failure to do so is at the purchaser's peril, for he is charged with constructive notice of their contents. The fact

that the will was not recorded in the county clerk's office until after the purchase at the foreclosure sale is not material.

Where a woman·at her death had an interest in a legacy, which interest then vested in her son as her sole surviving next of kin, the son may, after all claims against her estate have been barred by statute, maintain an action to enforce the legacy without the intervention of the administrator of his mother's estate.

The omission of a testator to mention the children of a legatee does not affect the descendible quality of the bequest.

APPEAL by the defendants, William H. Rowe, Jr., and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Washington on the 10th day of May, 1921, upon the decision of the court rendered after a trial before the court without a jury, adjudging a legacy of $2,000 bequeathed by Truman Waller, deceased, to be a lien upon the premises described in said judgment owned by the defendants, and directing the sale of said premises to pay the same.

A testator named Truman Waller owned a farm in Washington county, N. Y., in 1876, and in that year he made a will in which he devised the farm to his son and his son's wife, subject to certain legacies, one of which legacies, amounting to $2,000, is the subject of this litigation. This legacy was made a charge and lien upon the farm which was devised to his son. This legacy was created in the following language: " I bequeath to my daughter, Marion Wilds, the sum of one hundred and twenty dollars, each and every year during her life, the same to be paid to her only, said sum being the interest on two thousand dollars at six per cent and upon her death the said principal sum of two thousand dollars shall be paid to her children if she shall leave any child or children her surviving. In case she shall leave no child or children her surviving then the said sum of two thousand dollars shall be paid as follows: One thousand dollars to the children of Louisa Townsend and the other one thousand dollars to be paid to Martha Waller, the daughter of Wallace Waller, and I do hereby declare the said sum of two thousand dollars and the interest thereon as aforesaid to be a charge and lien on the farm hereinbefore devised to said Wallace Waller and Betsey Waller his wife." Louisa Townsend was likewise a daughter of the testator.

Truman Waller continued to live on this farm until the time of his death. His will was probated in 1880. After his death his son to whom the farm had been devised entered into possession and lived upon the farm for a number of years. In 1886 the son mortgaged the farm to one William H. Rowe, to secure the payment of $4,000. This mortgage after describing the farm by reference

to adjoining owners recites that it " is the same farm devised to Wallace Waller and Betsey, his wife by Truman Waller." In 1889 William H. Rowe assigned this mortgage to William H. Rowe as trustee. This mortgage was foreclosed and the premises were sold and conveyed by referee's deed, dated April 2, 1891, to William H. Rowe.

It was not until 1895 that the will of Truman Waller was recorded in the county clerk's office. In that same year William H. Rowe, who had bought the farm on the foreclosure sale, entered into a contract with Marion Wilds and Henry W. Wilds and Mary E. Wilds, her only children. This contract referred to the annuity bequeathed to the said Marion Wilds by the will of Truman Waller, reciting that the payment of said annuity was by the last will of Truman Waller made a lien and charge upon the farm devised by him to Wallace Waller and Betsey Waller and then owned by the said William H. Rowe. In this contract provision was made for paying the annuity in a certain way to Marion Wilds and for paying the $2,000 to her children after her death by making the legacy a charge upon other certain real estate owned by Rowe and which he deeded to the Wilds in consideration of releasing the Waller farm from the charge laid upon it by the will of Truman Waller.

By this agreement it will be seen that the will was ignored in two ways: *First,* by making the legacy a charge upon totally different property, and *second,* by ignoring the contingency of the will that if the children of Marion Wilds should predecease their mother, certain third persons were entitled to the legacy and to have its lien a charge upon the farm. These third persons were never made parties to the contract. The agreement instead of protecting the rights of these third parties provided expressly that the substituted farm should revert to Rowe in the event that the Wilds children should predecease their mother and expressly declared that in that event the agreement should become void.

The children died respectively in 1913 and 1914, and Marion Wilds, the mother, died in 1919. William H. Rowe died in 1897, leaving the Truman Waller farm to his wife, and eventually by deed and succession title has come to the defendants. In this deed there is a recital that the premises conveyed " is the same farm devised to Wallace H. Waller and Betsey, his wife, by Truman Waller." A mortgage was also given which contained the same recital. The defendant Belden is a substituted trustee under said mortgage. Also, in the meantime both of the contingent beneficiaries of the legacy named in the will, in the event of the children of Marion Wilds dying before their mother, also died. Martha

Waller whose name, by marriage, became Bowen died in 1893 intestate, leaving her son, the plaintiff William W. Bowen, her surviving. Louisa Townsend died leaving as her surviving children the other plaintiffs in this action.

The legacy not having been paid, the plaintiffs claiming to be entitled thereto, upon the death of Marion Wilds in 1919, commenced this action to have the said legacy declared to be a lien upon the Waller farm and to have the payment of the legacy enforced. Demurrers to the complaint were served. Various grounds for demurrer were urged, among which were the following:

" IV. That the plaintiff William W. Bowen has not legal capacity to sue, in that it does not appear in the complaint that he is a legal representative of Martha Waller, deceased, and such representative is the only person legally capable of bringing suit on the facts as alleged in the complaint herein.  *  *  *

" VI. That the complaint does not state facts sufficient to constitute a cause of action against these defendants or any of them."

Upon the decision of the motion for judgment on the demurrers, the papers on which motion have been made a part of the record here, Mr. Justice VAN KIRK rendered an opinion, a portion of which is as follows: " The administrator of Martha Waller is not a necessary party. One-half of the $2,000 was given to her. She was survived by one son, the plaintiff William W. Bowen, her only next of kin. She died in 1893. Any claim against her estate is long since barred by the statute. It does not appear whether or not an administrator of her estate was ever appointed. It is a fair presumption that her estate has been settled and that William W. Bowen is the sole owner of her share. Under special circumstances, the next of kin may recover personal property left by the deceased. (*Hyde* v. *Stone*, 7 Wend. 354; *Segelken* v. *Meyer*, 94 N. Y. 473, 481.) While technically the administrator of Martha Waller would be a party, under the circumstances I do not think it necessary that the additional expense be incurred and that the form of taking out letters should be required before these plaintiffs can obtain an action for that which no one else can claim an interest in.  *  *  *

" The action is not brought to collect from the devisee because by accepting the devise of the farm, on which the legacy was made a charge, he assumed payment of the legacy, but rather to enforce the lien upon the farm. The testator, Truman Waller, died in 1880. The $2,000 did not become payable until May, 1919, when Marion Wilds died. Up to that time she received the income of $2,000. All the personal property of Truman Waller was disposed of by his will and the presumption is that his estate was long since settled. No person is liable for the legacy. It is payable

out of the farm. The lien of the mortgages, given since the death of Truman Waller, and any rights acquired under said mortgages, are subordinate to the lien of the legacy. (*Conkling* v. *Weatherwax,* 90 App. Div. 585.) The action may be maintained to enforce the lien without prior demand of payment from any person.

" The demurrer should be overruled, with costs, with privilege to the defendants who have demurred to withdraw the demurrer and answer within twenty days after notice of entry of the order herein."

The defendants withdrew their demurrers and answered, and the action was brought on for trial before the court without a jury and judgment was entered upon the decision of Mr. Justice McPHILLIPS to the effect that the plaintiffs have a lien upon the premises described (the Truman-Waller farm), and directing that the same be sold for the payment of such legacy and interest. From this judgment all of the defendants, except the defendants John Hayes, who did not appear, and Elmer E. Belden, as trustee, have appealed to this court.

*Rockwood & Lark [Carlton McMahon, Harry P. Pendrick* and *Nash Rockwood* of counsel], for the appellants.

*Jenkins, Barker & Metzner [John H. Barker* of counsel], for the respondents.

HINMAN, J.:

The appellants advance four reasons why the judgment appealed from should be reversed. In each of these points it is argued that the complaint does not state a cause of action. It is urged,

*First,* that there being no allegation in the complaint and no finding in the case that Truman Waller owned the farm in question in 1880 at the time of his death, the plaintiffs have failed to make out a cause of action;

*Second,* that the complaint does not state a cause of action because it does not allege that said legacy, sought to be enforced against the real property herein, has not been paid;

*Third,* that the complaint does not state a cause of action, because it does not allege that the mortgagee, William H. Rowe, or his successors in title to said premises, these defendants, had notice, at the time of the foreclosure of said Rowe mortgage, of the legacy under the will of Truman Waller, deceased;

*Fourth,* that the complaint does not state a cause of action in favor of the plaintiff William W. Bowen.

The order overruling the demurrers was not appealed from, nor does the notice of appeal from the judgment here under review specify that the appellants intend to review upon this appeal the

order overruling the demurrer. Therefore, this order cannot be reviewed upon this appeal. (Code Civ. Proc. §§ 1301, 1316.)

However, on the trial the defendants again moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action and on the further ground that the plaintiff Bowen was not a proper party plaintiff, which were two of the grounds of the demurrer. This motion was denied. The denial of this motion was a ruling which could only be reviewed, if at all, on an appeal from the final judgment. (*Reade* v. *Halpin,* 180 App. Div. 157.) Although the order overruling the demurrers was not reviewed is it any the less conclusive? An appellate court will not review questions previously reviewed. (*Seaward* v. *Davis,* 148 App. Div. 805.) An order is as conclusive if not reviewed as if reviewed and affirmed. The ruling on the trial, denying the motion to dismiss the complaint on the grounds covered by the decision on the demurrer, ought not to indirectly permit a review of the order overruling the demurrer not appealed from. Since no appeal from the order overruling the demurrer has been taken directly or by specifying it in the notice of appeal herein, that order stands as the law of the case on all questions that might have been litigated. (*Reese* v. *Smyth,* 95 N. Y. 645; *Brater* v. *Andrews,* 74 Hun, 640; *Matter of Tredwell,* 85 App. Div. 570; *Riggs* v. *Pursell,* 74 N. Y. 370; *Dwight* v. *St. John,* 25 id. 203.)

But the appellants cannot succeed even though the issues raised by them may be open to decision upon this appeal. The complaint should be liberally construed (*Peterson* v. *Eighmie,* 175 App. Div. 113), and so construed seems to allege Truman Waller's title at the time of his death, and the appellants are not in a position to dispute the ownership of the farm by Waller at the time of his death as their title came to them under his will. Applying the rule of liberal construction, I am also of the opinion that the complaint sufficiently alleged non-payment, in that the fact of non-payment may be implied from the facts set forth by reasonable and fair intendment. Moreover, the findings are sufficient and are sustained by the evidence. So far as the necessity of alleging demand and refusal of the legal representatives of the estate of Truman Waller is concerned, I agree with the conclusion of Mr. Justice VAN KIRK when he says: " No person is liable for the legacy. It is payable out of the farm. * * * The action may be maintained to enforce the lien without prior demand of payment from any person." A reference to the will establishes beyond question that all of the testator's personal estate was disposed of otherwise and that it was the intention of the testator, clearly expressed, to make this particular legacy a charge upon

the real estate in question. The commencement of the action was in itself sufficient demand. (*Locklin* v. *Moore*, 57 N. Y. 360; *Ferris* v. *Spooner*, 102 id. 10; *Gillett* v. *Balcom*, 6 Barb. 370.)

The claim of the appellants that they and their predecessor in title, the purchaser at the foreclosure sale, took title as *bona fide* purchasers without notice of the lien of the legacy, cannot be sustained. The question is not determined by the mere failure to record the will in the county clerk's office prior to such sale. The doctrine of the case of *Jefferson* v. *Bangs* (169 App. Div. 102), relied upon by the appellants, does not reach this case, because in that case as Mr. Justice HOWARD said: " In the records which the statute required the defendant to search there was no sign or intimation of the existence of the plaintiff's claim. The record in the county clerk's office showed the title to be clear and perfect." It was held that the mere probate and filing of the will in the surrogate's office was not sufficient to give constructive notice. The mortgage foreclosed in that case was a purchase-money mortgage given by the testator himself, which mortgage was purchased by a life tenant under the will of said testator. This life tenant was the guardian in socage of his daughter to whom said testator had devised the fee, subject to the life estates. He purchased the property at a sale in foreclosure of said mortgage and by reason of the trust relation which he bore to his daughter it was held that the sale was voidable at her election. Many years later she sought to avoid this purchase by her guardian after he had conveyed the lands which finally came into the hands of *bona fide* purchasers for value who had no actual notice of the rights of the daughter and no constructive notice unless the probate and filing of the will in the surrogate's office was sufficient to accomplish that purpose. The will, in that case, was no part of the chain of title relied upon by the purchasers of the property.

Therein lies the distinction between the case of *Jefferson* v. *Bangs* and the case at bar. In this case the records which the statute required the defendant to search disclosed the existence of the legacy and that it was made a charge upon the premises purchased at the foreclosure sale. The mortgage in this case was not one given by the testator before his death but was given by his son while a devisee in possession under the will, which will was expressly referred to in the mortgage as the source of the mortgagor's title. This reference to the will as a part of the chain of title was repeated in subsequent instruments of conveyance under which the appellants hold title.

Thus this case comes under the well-settled doctrine that all deeds or wills referred to, upon which the title is based, must be

examined as ,to any facts they may contain. A failure so to do is at the purchaser's peril for he is charged with constructive notice of their contents. (*Williamson* v. *Brown*, 15 N. Y. 354; *Cambridge Valley Bank* v. *Delano*, 48 id. 326; *Acer* v. *Westcott*, 46 id. 384; *Wilson* v. *Van Epps*, 38 Misc. Rep. 486; *Whistler* v. *Cole*, 81 id. 519; affd., 162 App. Div. 920; *Bentley* v. *Gardner*, 45 id. 216; *Sweet* v. *Henry*, 175 N. Y. 268.) Under these authorities William H. Rowe, to whom the mortgage was given and who purchased at the foreclosure sale had constructive notice of the provisions of the will of Truman Waller on which his title depended and which will was a part of his chain of title and also that of the appellants. The appellants are, therefore, not *bona fide* purchasers for value without notice of the rights of the plaintiffs. It was not necessary for the plaintiffs to allege that the defendants had notice and were not *bona fide* purchasers for value. That was a matter of defense. The complaint sufficiently set forth the necessary facts.

Upon the question whether the complaint states a cause of action in favor of the plaintiff William W. Bowen as the sole surviving next of kin of Martha Bowen, there seems to be sufficient authority to sustain the proposition that he could maintain the action without the intervention of the administrator of his mother's estate. (*Hyde* v. *Stone*, 7 Wend. 354; *Segelken* v. *Meyer*, 94 N. Y. 473, 481; *Hennessy* v. *Patterson*, 85 id. 91; *Van Axte* v. *Fisher*, 117 id. 401; *Hunt* v. *Wickham*, 197 App. Div. 800; *Clowe* v. *Seavey*, 208 N. Y. 496.) At the time of the testator's death Martha Bowen who was then living, had a future contingent interest in this legacy which did not lapse at the time of her death in 1893 but which was descendible and vested in her son, William W. Bowen, as her sole next of kin at the time of the death of the annuitant, Marion Wilds, in 1919. The omission by the testator of any mention of Martha Bowen's children is of no importance as it does not affect the descendible quality of the estate which she was bequeathed. (*Hennessy* v. *Patterson*, *supra*; *Van Axte* v. *Fisher*, *supra*; *Clowe* v. *Seavey*, *supra*; *Hunt* v. *Wickham*, *supra*; Real Prop. Law, § 59.)

The judgment is affirmed, with costs.

Judgment unanimously affirmed, with costs; VAN KIRK, J., not sitting.