MYRA E. HARRIS, Appellant, *v.* ESTHER MOSKOWITZ, Respondent.

Third Department, July 1, 1932.

*Wiess & Costa* [*William G. Costa* of counsel], for the appellant.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the respondent.

HINMAN, J. On January 28, 1931, the appellant entered into a contract with the respondent for the sale to the appellant of certain real property situated in the village of Monticello, N. Y., for the sum of $5,000. The appellant refused to accept the title as offered by the respondent on the ground that respondent did not have a marketable title; and then brought this action to recover back the deposit of $500 made on the execution of the contract, together with certain other expenses, and to adjudge that the plaintiff have a vendee's lien upon the premises and that the premises be sold to satisfy the same. The sole question is whether the respondent had a good, marketable title

Emanuel Moskowitz, who formerly owned the premises in question, died October 26, 1923, intestate, leaving him surviving his widow (the respondent herein) and two infant sons who were still infants at the time of the entry of judgment herein. Subsequently the property was sold for taxes and the respondent obtained in her own name the tax title from the People of the State of New York by deed dated January 10, 1928, and recorded January 18, 1928. The respondent had received the tax deed more than three years before the date of closing the sale in question. On March 3, 1931, the date of closing, the appellant tendered the balance

due and the respondent offered a full covenant and warranty deed which was to be signed by herself. The appellant refused to accept the deed on the ground that an infancy proceeding was necessary to clear up the interests of the two infants and that the respondent could not destroy the interests of said infants in said property by virtue of obtaining a tax deed in her own name alone in view of the fact that she was the natural guardian of the infants, whose rights were prejudiced by the action of their fiduciary. Upon the death of their father the title to the property vested in these infants, subject to the dower right of their mother, the respondent. A tenancy in common existed between the infants and their mother, who was their guardian in socage, and " she occupied a fiduciary relation to the heirs, which would prevent her purchasing for her individual benefit." (*Knolls* v. *Barnhart*, 71 N. Y. 474.) It is, therefore, not a question whether a title acquired by tax sale becomes full and complete upon expiration of three years, as decided in *Mabie* v. *Fuller* (255 N. Y. 194). That case assumed the right of the purchaser to purchase for his individual benefit. The point contended for here by the appellant is that a constructive fraud may have been committed against the infants by their guardian in socage, making the sale not void, but voidable at the election of the infants when they respectively arrive at the age of twenty-one years. (*Jefferson* v. *Bangs*, 197 N. Y. 35, 42; S. C., 169 App. Div. 102; affd., 226 N. Y. 612; *Carpenter* v. *Carpenter*, 131 id. 101, 109; *Seymour* v. *Seymour*, 120 Misc. 525; *Cahill* v. *Seitz*, 93 App. Div. 105, 109; *Hastrich* v. *Pilcher*, 171 id. 470, 480.) That contention we think is sound. The case of *Boyer* v. *East* (161 N. Y. 580), relied upon by the court below, is not determinative of the question whether the tax title obtained by the natural guardian of these infants without infancy proceedings foreclosing their interests was a good, marketable title within the authorities on that subject. That was not an action testing whether a purchaser was justified in rejecting a title as unmarketable. It was an action to set aside a foreclosure sale where the infants' interest had been represented in the foreclosure action by a guardian *ad litem* and where, moreover, the infants upon reaching majority had not been reasonably diligent. We are not called upon to determine in this action the final rights of the infants. It is rather the rights of this purchaser that are involved. " It is well settled that such a purchaser of real estate * * * is entitled to a marketable title and that he will not be compelled to take property the possession of which he may be obliged to defend by litigation, or to receive a title that is subject to probable claims by another, so that it will not be reasonably free from any doubt which would interfere with its market value.

In another form the general rule is stated that where a defect in the record title can only be supplied by resort to parol evidence and title may depend on questions of fact, the purchaser will not be required to perform his contract and that he may reject a title which an ordinarily prudent person would be justified in hesitating to accept or loan money on." (*Cerf* v. *Diener*, 210 N. Y. 156, 161.) (See, also, *Brokaw* v. *Duffy*, 165 N. Y. 391.) "A title open to a reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending on a disputed question of fact, or a doubtful question of law, in the absence of the party in whom the outstanding right was vested. He would not be bound by the adjudication, and could raise the same question in a new proceeding." (*Fleming* v. *Burnham*, 100 N. Y. 1, 10.) Without infancy proceedings the rights of the infants cannot be determined and overcome, but would remain a cloud upon the purchaser's title. The defendant refused to take the necessary infancy proceeding. That should have been done. The defendant was unable to convey a good, marketable title pursuant to the terms of the contract.

The judgment should be reversed, with costs, and judgment rendered for the plaintiff in the sum of $500, with interest from March 3, 1931, plus $92.39 paid for taxes and attorneys' fees, together with costs, all of which should be adjudged a lien against the interest of Esther Moskowitz in said premises and that the premises be sold to satisfy the said lien.

All concur; McNAMEE, J., not voting.

Judgment reversed on the law and facts and judgment rendered for the plaintiff against the defendant in the sum of $500, with interest from March 3, 1931, plus $32.39 paid for taxes and $60 attorneys' fees, together with costs; and adjudging that the defendant did not have a marketable title; that an infancy proceeding was required to perfect said title and that the plaintiff has a lien for such amount against the interest of Esther Moskowitz in said premises and that the premises be sold to satisfy the said lien.

The court reverses findings of fact numbered 2, 3 and 5 and such findings of fact as are included in the conclusions of law and finds in accordance with plaintiff's proposed findings of fact and conclusions of law except as to the amount of interest as set forth in conclusion of law numbered 1.